# Armstrong v. Consolidated Traction Company, Appellant.

*Negligence—Street railways—Pedestrian—Crossing—Question for jury.*

Where the plaintiff's story as to the happening of an accident is improbable but not impossible the court is not justified in withdrawing the case from the jury.

Stopping before crossing the tracks of a railway is opposed to the idea of negligence and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can properly be drawn from it, the court cannot draw the inference as a conclusion of law, but must send the case to the jury.

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff was injured at night at a crossing which was an exceptionally dangerous one. There were four tracks to watch, two straight ones, and two that curved from another street. Cars were passing every few seconds. There was no safe place to stop until all the tracks had been crossed. Plaintiff exercised due care before starting. Plaintiff knew that there was a rule of the company that after a car had passed around the curve, and had come to a stand to receive or discharge passengers, the car following it should not enter on the curve. Plaintiff halted in the narrow space between the straight tracks, and saw that a car had stopped after passing the curve, and that a following car was standing ready to enter upon the curve. He attempted to proceed and was struck as he left the curved track. The car which struck him must have moved from a full stop sixty-five feet on the curve, and during this time plaintiff had only to glance in another direction and walk about twelve feet. *Held*, that the court could not say from the testimony that it was impossible for the accident to have happened under the circumstances stated and that the case was for the jury.

Argued Oct. 30, 1906. Appeal, No. 114, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1901, No. 506, on verdict for plaintiff in case of William P. Armstrong v. Consolidated Traction Company. Before

MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before COLLIER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,975.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James C. Gray,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—The plaintiff was guilty of contributory negligence: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Buzby v. Traction Co., 126 Pa. 559; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Burke v. Union Traction Co., 198 Pa. 497; Holmes v. Union Traction Co., 199 Pa. 299; McCracken v. Consolidated Traction Co., 201 Pa. 378; Pieper v. Union Traction Co., 202 Pa. 100; Keenan v. Union Traction Co., 202 Pa. 107; Moser v. Union Traction Co., 205 Pa. 481; Hoffman v. Phila. Rapid Transit Co., 214 Pa. 87; Greenwood v. P., W. & B. R. R. Co., 124 Pa. 572; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444; McPhillips v. Union Traction Co., 19 Pa. Superior Ct. 223.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellee, cited: McGovern v. Union Traction Company, 192 Pa., 344; Henderson v. United Traction Company, 202 Pa. 527; Haughey v. Pittsburg Railways Company, 210 Pa. 363.

OPINION BY MR. JUSTICE FELL, January 7, 1907:

The question raised by this appeal is whether the case should have been withdrawn from the jury on the ground of contributory negligence.   The plaintiff was injured at night while crossing Penn avenue at Seventh street in the city of Pittsburg. Cars were passing over the crossing every few seconds.   There are two tracks on the avenue and two on Seventh street, and these tracks are connected by curves and cars pass from the

street to the avenue. There was a rule of the company, known to the plaintiff, that when a car had passed from the street to the avenue and was standing to receive or discharge passengers, the car following it should not enter on the curve. After reaching the crossing he waited until it was clear. When he started, a car which had come from Seventh street was standing on the avenue, and the car following it, which struck him, was standing diagonally across on the far side of Seventh street. He walked on the crossing to the narrow space, less than four and a half feet wide, between the straight tracks and stopped, looked at the car on Seventh street, saw that it was standing, looked up and down the avenue, and went on. He was struck when on the far side of the curved track by the car from Seventh street, which had been started without a signal being given and was running very rapidly around the curve.

From the plaintiff's testimony it appears that the crossing was an exceptionally dangerous one; there were four tracks to watch, two straight ones and two that curved from the street. There was no safe place to stop until all the tracks had been crossed. He exercised due care before starting; the car standing on the avenue blocked the way of the car standing on Seventh street and was an assurance to him that the latter would not immediately start. He halted in the narrow space between the straight tracks in the middle of the avenue and saw that the car on Seventh street was still standing, and he was struck as he left the curved track. The weakness of his case is that between the time he looked at the Seventh street car and the time he was struck by it, it must have moved from a full stop sixty-five feet on a curve, and during this time he had only to glance in another direction and walk about twelve feet. It is highly improbable that his recollection was accurate as to all the facts detailed and that the accident happened in the way described by him. It is not, however, impossible that it happened in this way, and the court would not have been justified in withdrawing the case from the jury on the ground that he stepped in front of a moving car which he either saw or should have seen. He was not proceeding heedlessly but with care, in a situation that was both dangerous and confusing. It has been repeatedly said

that the rule stated in Carroll v. Penna. Railroad Co., 12 W. N. C. 348, is in its nature applicable only to clear cases where the conclusion of negligence is irresistible. It was said by the present chief justice in Ely v. Pittsburg, etc., Railway Co., 158 Pa. 233 : " Stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury."

The judgment is affirmed.