## Nelms, Appellant, *v.* Pennsylvania R. R. Co.

*Negligence—Railroads — Movement of train — Injury to brakeman—Signal—Evidence—Presumption of negligence—Proximate cause.*

1. The mere fact of an injury will not raise a presumption of negligence on the part of a common carrier.

2. In an action to recover damages for the death of a yard brakeman, who was run over and killed at night by a shifting train of

cars, there can be no recovery where there was a lack of evidence to determine the proximate cause of the accident—whether deceased was struck by the engine or whether he fell on the track from which he gave a signal.

Argued January 13, 1920. Appeal, No. 169, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1917, No. 4836, refusing to take off nonsuit in case of Alice D. Nelms v. Pennsylvania Railroad Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before DAVIS, J.

After the close of plaintiff's testimony a nonsuit was entered for the reasons stated in the remarks of Judge DAVIS as follows:

The plaintiff, the wife of the deceased, brings this action to recover damages for the death of her husband, which she alleges was due to the negligence of the defendant company, the Pennsylvania Railroad Company. The deceased was employed by the Philadelphia & Reading Railway Company as a brakeman. At the time of the injury there were two locomotives, with cars attached, on the tracks that were near the yard of the Eastern Steel Company, near Pottstown, Pennsylvania. It appears from the testimony that the crews of both these trains held a conference as to what was to be done in the course of their business at that point. The deceased was present at that conference and, as was testified by one of the witnesses, each man knew the work to be done and how to do it. The deceased left the conference and walked around the end of the tender of the Pennsylvania Railroad locomotive. There was a headlight on the tender and there is no evidence that the engine and tender were not properly lighted. Engineer Yost of the P. & R. engine testified that the deceased gave a signal with his lantern for the trains to move. He, Yost, did not respond to that signal. The engineer of

the Pennsylvania locomotive did respond. The signals and lanterns were the same for both roads. The deceased was injured immediately after that locomotive started. When he gave the signal to the engineer he was standing between the rails. How he was hit, whether he was struck by the tender of the engine, or whether he fell after he had given the signal and left his position between the rails, and stumbled and fell back, does not appear from the testimony. No one saw the deceased struck—when his body was found it was between the engine and tender. Counsel seems to rest upon the theory that the deceased, having disappeared—and, as one of the witnesses testified, he heard his bones crush—we must assume that the deceased was knocked down by the tender of defendant's locomotive. The mere fact of an injury will not raise a presumption of negligence against the defendant. If it is a mere scintilla, it is the duty of the court to pass upon the question of the negligence of the defendant, as to whether the facts are sufficient to go to the jury, and the jury cannot be permitted to supply additional facts and inferences necessary to support the cause of action based on the alleged negligence of the defendant, where there is no evidence to disclose a cause of action, but merely a presumption supported by proven facts, which are exclusively applicable to the question at issue.

I fail to see that there is any evidence that the locomotive which is supposed to have hit the deceased was going in the wrong direction. As I stated, the deceased was at the conference or the discussion and knew what was to be done and the method of doing it; hence the testimony as to the ringing of the bell, and the blowing of the whistle, which were negative in any event, were not as essential as in the case of a moving train where one having no control over the operation of the engine is injured. But the deceased here was the cause of the moving of the train. He stood between the rails and gave the signal; we have no evidence that the train or the

locomotive did move in the wrong direction, except that it was in the direction of the end of the tender, but the tender had a headlight on at the time of the accident. I therefore am of opinion that the failure to ring the bell or blow the whistle is not a controlling factor in view of the testimony of all the witnesses that the deceased was at the conference and knew what was to be done and how they were to do it, and gave the signal. There is a lack of evidence as to exactly how the deceased was hit, and, I repeat, no witness has testified that the deceased was struck by the tender or the locomotive of the defendant company.

Under all the evidence I am constrained to grant the defendant's motion for nonsuit.

The court refused plaintiff's motion to take off the nonsuit. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*John J. McDevitt, Jr.,* with him *Harry A. Gorson,* for appellant.

*Sharswood Brinton,* for appellee.

PER CURIAM, February 2, 1920:

The material facts in this case are set forth in the concise remarks of the learned trial judge directing the entry of the nonsuit, and, for the reasons given by him, the motion for it was properly allowed.

Judgment affirmed.