Vlasich, Appellant, *v.* Baltimore & Ohio
Railroad Company.

Argued March 16, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

256

*B. P. Brasley,* of *Brasley, Rubin, Balter & Cole,* for appellant.

*William H. Eckert,* with him *Smith, Buchanan, Scott & Gordon,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 11, 1932:

Plaintiff appeals from judgment non obstante veredicto for defendant, granted by the court below after verdict in her favor in an action of trespass, brought for the death of her husband, in an accident at a grade crossing in the Borough of Braddock. From the testimony it appears the accident occurred about seven o'clock on the evening of November 4, 1929, at the intersection of the B. & O. Railroad tracks with Sixth Street. The tracks are six in number and run in a general easterly and westerly direction, intersecting Sixth Street at right angles. The evidence shows that the tracks are straight for half a mile both east and west of Sixth Street, and the crossing is seventy-eight feet wide. At any point within twenty-five feet south of the crossing, a train approaching from the east can be seen for ap-

proximately 2,800 feet in daytime. There was no fog on the evening of the accident.

There was considerable conflict in the testimony as to just how the accident occurred, but the following facts seem to be clearly established: Decedent was driving his automobile northwardly along Sixth Street. Witnesses for both plaintiff and defendant testified he stopped his car before proceeding over the crossing. He then started across the tracks and had gone nearly over the second track when the car stalled. After unsuccessfully attempting to start the motor, he alighted from the car, either to seek safety for himself from the oncoming train, or (as some witnesses testified) to try to push the automobile off the track. At this moment the train struck the back of the car, hurling deceased to the ground with such force that he died within a few hours from the injuries received. The train, a long freight consisting of nine loaded and one hundred and four empty cars, was brought to a standstill after the locomotive had traveled over seven hundred feet from the point of impact, although the engineer testified he had applied the brakes before the train struck the automobile.

From the facts relating to the physical surroundings of the crossing, the learned judge of the court below decided that plaintiff's decedent must necessarily have been guilty of contributory negligence—"that but one of two inferences is possible—either that the decedent did not stop, look and listen and continue to be observant, or that, having seen the train approaching, he nevertheless took the chance of clearing the crossing ahead of it." Accordingly he granted defendant's motion for judgment non obstante veredicto; and in so doing, we are of opinion he committed error. This is not a case for the application of the rule of infallible mathematical calculation, let alone a presumption based upon physical surroundings of the place of the accident. We have frequently said this rule is only applicable in clear cases.

"It applies only where a person enters upon a railroad track, and is struck by a moving train so instantaneously as to raise a legal presumption that he did not stop, look and listen, and to rebut any presumption that he had done so. Where there is doubt as to negligence upon the part of plaintiff, the case is for the jury": Howard v. B. & O. R. R., 219 Pa. 358, 360; Mills v. P. R. R. Co., 284 Pa. 605, 607-8.

In the case before us it did not clearly appear for what length of time the automobile of decedent was stalled upon the tracks. It is possible that it was stopped sufficiently long for the train to have come in view after decedent started to make the crossing. "On motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence": Mountain v. American W. G. Co., 263 Pa. 181, 183; Thomas v. P. R. R. Co., 275 Pa. 579, 581.

Although we are of one mind that the judgment non obstante veredicto must be reversed, a question remains as to whether defendant is not entitled to a new trial owing to vagueness and uncertainty of portions of plaintiff's testimony, or as was suggested by the court below, because the verdict was against the weight of the evidence, or because of other considerations arising from the trial.

The judgment of the court below is reversed and the record remanded with direction that the pending motion for a new trial be disposed of.