Christ, Appellant, *v.* Hill Metal &
Roofing Company.

Argued January 29, 1934. Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*L. H. Rupp,* of *Butz & Rupp,* for appellant.

*Linn H. Schantz,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 19, 1934:

Plaintiff brought an action in trespass against defendant to recover for personal injuries resulting from a collision between the latter's automobile and a motor-cycle operated by the former. Plaintiff secured a verdict for $9,446.08. Defendant filed motions for a new trial (which it abandoned upon argument below) and for judgment n. o. v. The court below sustained the motion for judgment n. o. v. Plaintiff appealed.

The collision occurred at about 11 a. m., December 10, 1931, at the intersection of Hall and Linden Streets, Allentown. It was a clear day and the highways were dry. Linden Street, which is about thirty feet in width between curbs, runs east and west. Hall Street, which is a narrow street (about fifteen feet wide) between Seventh and Eighth Streets, runs north and south and intersects Linden Street at right angles. Linden Street between Seventh and Eighth Streets is a much traveled street, and on the day of the accident cars were parked on both sides of Linden Street. On its south side cars were parked up to a distance of approximately eight feet from the western line of Hall Street. Plaintiff was driving the motor-cycle of his employer (the Dietrich Motor Car Company) in an eastwardly direction along

Linden Street. Defendant's employee, Clarence Shelly, was driving its Hupmobile coupe in a northwardly direction on Hall Street, contrary to a city ordinance declaring this a one-way street and routing traffic southwardly. Hall Street was thus marked by traffic signs erected at the various streets intersecting it. Plaintiff had frequently traveled Linden Street and knew that Hall Street was a one-way street.

The motor-cycle operated by plaintiff had three wheels, two in the rear and one in the front. Between the rear wheels was mounted a box for the carrying of tools and small parts. The driver's seat was located at about the middle of the motor-cycle, immediately in front of the box. All three wheels were equipped with brakes, the two rear wheels being operated by a foot brake and the front wheel by a hand brake. Plaintiff testified that the brakes were in "good condition."

Plaintiff also testified he was traveling on Linden Street "between 15 and 20 miles an hour," that he was about 8 or 10 feet west of the western line of Hall Street when he first saw on his right, on Hall Street, defendant's automobile, the "front wheels" of which "were in the gutter" which connects with the south curb line of Linden Street, and that he immediately applied his foot brakes. The front wheel of plaintiff's motor-cycle collided with the left side of defendant's automobile, immediately in front of the rear fender. The collision occurred at approximately the center line of the intersection. The motor-cycle was damaged in the front, and the automobile sustained the following injuries: glass "all broken," the steel chassis bent and the steel running board broken from its support and pushed down and back. Plaintiff sustained a compound fracture of the thigh bone and a deep wound in the muscles of the thigh. As a result of the injuries, plaintiff's left leg has become about one and one-half inches shorter than his right leg.

It being conceded that there was evidence to go to the jury on the question of defendant's negligence, the only question before us is whether or not plaintiff made out a case free from contributory negligence. "The plaintiff is bound to present a case which discloses that he exercised due care or was free from negligence, or, as it has sometimes been expressed, he must not show that he failed to exercise due care......": 20 R. C. L., section 162, page 196, quoted approvingly in Adams v. Gardiner, 306 Pa. 576, 585, 160 A. 589. The court below held that the plaintiff did not make out a case free from contributory negligence, and therefore entered judgment for the defendant n. o. v.

In passing on the question now before us these principles must be kept in mind: (1) On a rule for judgment n. o.v., the testimony must be read in the light most favorable to plaintiff and the plaintiff must be given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence. (2) "It is the duty of the driver of a street car or a motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances": Galliano v. East Penn Elec. Co., 303 Pa. 498, 503, 154 A. 805. (3) "Everyone to whom a duty is due has a right to assume that it will be performed......He may go on the assumption that all precautions required by statute or established rule or custom will be taken": 20 R. C. L., section 101, page 117, cited with approval in Adams v. Gardiner, supra.

In the case before us plaintiff had no reason to expect that his meeting a northbound car at the intersection of Linden Street with an exclusively *southway* street, was a situation "likely to arise under the circumstances." In the case of Guilinger v. Penna. R. R. Co., 304 Pa. 140, 147, 155 A. 293, we recognized the fact

that the attentive powers of a person approaching a crossing would naturally be fixed on the point from which he would expect traffic to come and that the usual routing of traffic was a factor which should be considered in measuring a person's contributory negligence in failing to see in time traffic coming from an unexpected quarter. We said in that case: "Persons accustomed to crossing a one-way street invariably focus their attention in the direction of expected oncoming traffic. A highly vigilant man will be vigilant in all directions, but we cannot hold that the plaintiffs in this case were negligent because after stopping at the customary place and looking and listening they drove onto a southbound track in front of a northbound train, which train was not visible to them 200 feet south from the point when they looked that way a few seconds before."

In Weiss v. Pittsburgh Rys. Co., 301 Pa. 539, 152 A. 674, this court said: "He [the victim] had a right to rely on the assumption that all persons will use ordinary care to protect him and the mere failure to anticipate the negligence of another does not defeat an action for the injuries sustained." In that case the victim apparently assumed that the approaching street car was going to stop at the regular stopping place but instead of doing so it accelerated its speed when the man who was presently struck was in plain view. This court held in that case that the question of decedent's contributory negligence was for the jury.

In the case before us the plaintiff was proceeding eastwardly, approaching a narrow street, where he had no reason to expect northbound traffic because, as he well knew, it was a one-way street and the traffic was routed to the south. There is nothing in his testimony to the effect that he approached the intersection at an excessive rate of speed or that he failed to act with promptness when he found a car was coming from an unexpected direction.

The court below in its opinion in support of the judgment entered for defendant n. o. v. stresses the fact that the defendant being on plaintiff's right had the right of way and that plaintiff having seen defendant's car was bound to know that it had the right of way. The court below says: "There arises an irresistible conclusion that plaintiff was contributorily negligent." We agree that there was evidence from which *the jury could* have concluded that plaintiff was negligent, but we do not agree that this conclusion is so irresistible that fair and sensible men could not differ as to it, and that, therefore, plaintiff's negligence should be declared as a matter of law. See McCracken v. Curwensville Borough, 309 Pa. 98, 115, 163 A. 217. The rule that the driver on the right has the right of way has the same force and effect as the rule that drivers approaching each other on the highway must each keep to the right to permit the other to pass. On a highway legally open to two-way traffic a driver who would drive his car on the left side at a point where he would be likely to be suddenly confronted with an oncoming vehicle (as, for example, near the top of a hill) would clearly be guilty of negligence. Under such circumstances due care would keep him on the right-hand side of the road; but, if he knew that on that particular highway the law forbade anyone driving a vehicle in a direction opposite to the one he was traveling and that this fact was duly posted along that road and well known, he would not as a matter of law be negligent if he drove his car there on the left-hand side. Likewise, on a one-way city street, as here, plaintiff cannot be held negligent as a matter of law because he approached the intersection at a speed so great that he could not stop his motor-cycle in time to avoid a collision with a car approaching the same intersection from the right, from which direction plaintiff had no reason to expect a car would approach, such an approach being interdicted by the regulations of the municipality controlling that street. It is true that it was his duty to

attempt to stop his motor-cycle as soon as he saw the car actually approaching from the right, but, as already noted, his case does not disclose a failure on his part to make such an attempt. The learned trial judge said in his charge to the jury: "On behalf of the plaintiff it is contended that he was driving his motor-cycle,...... at a rate of speed of from fifteen to twenty miles an hour; that as he approached the intersection of Hall Street and Linden Street he saw the defendant's car being driven north on Hall Street; that when he was at a point eight feet away from the intersection he saw the defendant's automobile at the intersection, that is at the curb line; that the defendant's car was approaching from a direction that the plaintiff did not anticipate it would come. Plaintiff was acquainted with Linden Street, and he also knew of the fact that Hall Street was reserved for southbound traffic, and he did not expect that an automobile would approach him on that street from the south; that the automobile approached at a rapid rate of speed; rapid in view of all of the circumstances; that it entered Linden Street without blowing a horn; that Linden Street is a busy street, a street upon which there is continuous traffic." This excerpt from the trial judge's charge correctly stated the evidence as it was presented in behalf of the plaintiff. Under these facts we think it is clear that the negligence of both the plaintiff and the defendant was equally for the jury.

In the case of Adams v. Gardiner, supra, there was a collision between two motor vehicles at a street intersection. In that case we refused to reverse the action of the court below in refusing to enter judgment n. o. v. in favor of the defendant. We there held: "If plaintiff in this case failed to exercise due care at the intersection, his testimony and that of his witnesses did not show that fact so plainly that the court below could as a matter of law declare him guilty of contributory negligence. The jury might under the evidence have done

so but it did not. The court below submitted the issues of fact to the jury in a careful, accurate charge. The jury took the view of the testimony most favorable to the plaintiff." This language can with equal appropriateness be applied to this case. The jury, after hearing all the evidence, was accurately instructed as to the law, and after consideration it found a verdict in favor of plaintiff. To the fruits of that verdict the latter is entitled.

The judgment of the court below is reversed and judgment is herein entered for plaintiff on the verdict.