Ford *v.* Reinoehl, Appellant.

286

Argued October 18, 1935.

Before Keller, P. J., Baldrige, Stadtfeld, James and Rhodes, JJ.

*Philip Sterling,* of *Sterling & Willing,* with him *Elias Magil,* for appellant.

*John V. McDonald,* with him *Francis J. McCarthy,* for appellee.

Opinion by Stadtfeld, J., December 18, 1935:

This is a suit in trespass for personal injuries suffered in a collision between a motorcycle driven by plaintiff and defendant's automobile on February 17, 1934. To plaintiff's statement of claim, defendant filed an affidavit of defense, denying agency. At trial before Stern, P. J., on May 21, 1935, the jury returned a verdict for plaintiff in the sum of $2,500. The court refused binding instructions and discharged defendant's motion for judgment n. o. v.

The accident occurred at the intersection of Broad and Chew Streets, in the City of Philadelphia, at about 7:30 P. M., on a clear, dry day. At this point, Broad Street is sixty-nine feet between curbs, and Chew Street is thirty feet between curbs. Plaintiff was proceeding

south on Broad Street, toward Chew Street. Defendant's automobile, driven by an employee named Grover W. Hitch, was being driven North on Broad Street toward Chew Street. At the intersection, Hitch made a left turn to go west on Chew Street. After defendant's car had reached a position beyond the center of the westernmost half of Broad Street, the right side of the rear wheel of the motorcycle and the right rear wheel of defendant's automobile, came in contact, throwing plaintiff from the motorcycle and causing his injuries.

A police officer was stationed at the north side of the intersection with a hand semaphore. As plaintiff approached Chew Street, the semaphore was in the "go" position for Broad Street traffic, permitting plaintiff on Broad Street to proceed, and likewise, permitting defendant's vehicle to make its left turn. At the intersection, before plaintiff reached it, was an automobile facing south, stopped in the easternmost lane alongside the police officer, waiting to make a left-hand turn east into Chew Street. Alongside this car, in the next lane to the west, was another car going south. Plaintiff's motorcycle approached the intersection in the extreme westerly lane of traffic next to the last mentioned motor car.

Plaintiff testified that as he started to cross Chew Street, at fifteen miles per hour, there was nothing in front of him. He did not notice defendant's car until plaintiff was five feet north of the south curb of Chew Street, at which time he said defendant's car was ten or fifteen feet south of the south curb of Chew Street, and twenty feet from the west curb of Broad Street. At another point in the testimony, he said the two vehicles were only three feet apart when he first saw defendant's car. At fifteen miles per hour, he said he could stop within ten to fifteen feet.

James E. Andrews, a witness for plaintiff who fol-

lowed him on another motorcycle, added that at the time of the impact, defendant's vehicle was two-thirds of the way across the westerly half of Broad Street, about one car's length east of the west curb of that street.

James A. Harris, a pedestrian, testified for plaintiff that defendant's vehicle started to make its left turn about fifty feet south of the south curb of Chew Street, proceeding at this point across the center line of Broad Street at an angle of sixty degrees. The automobile was fifteen feet west of the center line of Broad Street, and two feet south of the south curb line of Chew Street, when plaintiff was still at the north curb line; that defendant was practically running north on the wrong side of the street. He started to get on the wrong side when he was fifty feet south of the south curbline.

The point of impact was the right rear wheel of defendant's automobile, and the right side of the rear wheel of the motorcycle.

The agency defense is based upon the testimony that although defendant's driver, Hitch, was an automobile salesman, and the car bore dealer's tags, Hitch had shortly before the accident, stopped at a grocery, where he made a personal purchase and that he intended to stop at his home, a square away, to deliver the purchase and have his dinner. Hitch admitted that, if he had not gone to buy the butter intending to stop at his home, he would have taken the defendant's automobile back to the defendant's place of business by the same route.

The court submitted the case to the jury on the question of defendant's negligence and the alleged contributory negligence of plaintiff.

The only assignments of error relate to the refusal of binding instructions and in refusing to grant the motion of defendant for judgment non obstante veredicto.

In determining whether defendant was entitled to binding instructions or judgment n. o. v., the evidence and inferences deducible therefrom, favorable to plaintiff, must be taken as true, and those unfavorable, depending solely on testimony, must be rejected: Magri v. McCurdy, 117 Pa. Superior Ct. 32, 177 A. 349.

On defendant's motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact pertaining to the issues involved which may reasonably be deduced from the evidence: Hawk v. Penna. R. R., 307 Pa. 214, 160 A. 862; Vlasich v. Baltimore & Ohio Railroad Co., 307 Pa. 255, 161 A. 70; Galliano v. E. Penn Electric Co., 303 Pa. 498, 154 A. 805; Christ v. Hill Metal & Roofing Co., 314 Pa. 375, 171 A. 607.

Appellant admits that with the verdict of the jury in favor of plaintiff, we must assume that defendant's driver, Hitch, started to make his left turn fifty feet south of the curb, by cutting diagonally across the westerly side of Broad Street. He claims, however, that the testimony convicts plaintiff of contributory negligence.

The plaintiff, according to most favorable versions of his own testimony, saw nothing in front of him on the west side of Broad Street when he arrived at the north curbline of Chew Street, and, as he proceeded across Chew Street, he saw the defendant's car for the first time when he, the plaintiff, was about five feet north of the south curb, at which time defendant's car was about fifteen feet south of the south curb and had suddenly pointed in a northwesterly direction. At that time, the plaintiff, moving in the opposite direction, could not estimate the defendant's speed or estimate distances accurately. This was not a right angle collision. Considering the fact that the plaintiff had the traffic sign

in his favor and that, when he reached the north side of Chew Street, no vehicle was committed to the westerly half of Broad Street in front of him, he clearly had the right of way and was entitled to assume that other motorists would not be negligent.

Furthermore, according to the testimony most favorable to the plaintiff, the collision took place at about the southerly curbline of Chew Street. Considering that the defendant was traveling 25 miles per hour or 36 feet per second; that plaintiff was traveling 15 miles per hour or 22 feet per second; that Chew Street is 30 feet wide between curbs; that the collision occurred about the southerly curbline of Chew Street, it would certainly justify the conclusion that, during the interval that the plaintiff was crossing the 30 feet of Chew Street from the north curb to the point of the accident, the defendant travelled from a point approximately 50 feet below the point of the accident, i. e., below the south curb of Chew Street. In the light of these facts, we cannot say that plaintiff was as a matter of law, guilty of contributory negligence.

Contributory negligence may be declared as a matter of law only in a clear case: Jackson v. Curry, 117 Pa. Superior Ct. 63, 177 A. 346.

In Christ v. Hill Metal & Roofing Company, supra, it was held that the contributory negligence of a motorist in approaching an intersection at a speed so great that he could not stop in time to avoid an intersectional collision with an automobile traveling in the wrong direction on a one-way street, was for the jury.

Conflicting statements in plaintiff's direct and cross-examination respecting his negligence in an automobile collision are for the jury to reconcile: Van Ronk v. Holland Laundry Inc., 111 Pa Superior Ct. 529, 170 A. 470.

In Ehrhart v. York Railways Co., 308 Pa. 566, 162 A. 810, the Supreme Court said (at p. 572): " . . . . . .

we would not be warranted in saying, on the basis of Everhart's testimony, which was only an estimate, that as a matter of law Ehrhart was guilty of contributory negligence. Under such circumstances, a 'precise timing of the relative movements of the (automobile) and (street car) and close calculation of time and space, at best only an approximation, make the margin of safety such a narrow one that a traveler should not be held accountable, as matter of law, for the resulting accident': Mills v. Penna. R. R. Co., 284 Pa. 605."

In Armstrong v. Consolidated Traction Company, 216 Pa. 595, 66 A. 75, the Supreme Court said (at p. 597): "It is highly improbable that his recollection was accurate as to all the facts detailed and that the accident happened in the way described by him. It is not, however, impossible that it happened in this way, and the court would not have been justified in withdrawing the case from the jury on the ground that he stepped in front of a moving car which he either saw or should have seen."

Quoting from Graff v. Scott Bros., Inc., 315 Pa. 262, 172 A. 659, by Mr. Justice MAXEY, at pp. 267, 268: "In McCracken v. Curwensville Boro., 309 Pa. 98, 114, 163 A. 217, we cited with approval the following: 'It is an established principle that if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party in the trial of a case, the question must be left to the jury ...... A verdict should not be directed if on all the facts and circumstances there is room for fair and sensible men to differ in their conclusions, or, as it is sometimes stated, (if) the evidence is not such that honest minds could reach but one conclusion': 26 R. C. L. pages 1067, 1069, section 75. See also Heh v. Consolidated Gas Co., 201 Pa. 443, 50 A. 994."

As was held in Warren v. Kreidt, 310 Pa. 90, 164 A. 799, mere failure to decide correctly on a course of ac-

tion when unexpectedly confronted with sudden peril is not negligence per se. Also in Welsh v. Pennsylvania Railroad, 313 Pa. 87, 169 A. 95, it was held that an error in judgment resulting from sudden peril does not constitute "contributory negligence."

On the question whether defendant's driver was outside the scope of his employment at the time of the accident, we do not think that the trial judge erred in taking that question out of consideration by the jury. We cannot add anything to what was said by the trial judge to the jury on that point: "...... while it is true that Hitch was taking some butter to his own home and was going to have supper, he was not thereby going out of his way, he was in the direction he would have to go to take that automobile back to the defendant's garage, which he had to do that night, and the mere fact that he wanted to stop in at his own house to get his supper or stop at a store to get butter, even though that was for his own purpose and not his employer, nevertheless since it did not involve any departure from the line of travel that he otherwise would have pursued, does not amount to an independent journey of his own which puts his act beyond the liability of the defendant, his employer."

The case was well tried and submitted in a fair and comprehensive charge.

The assignments of error are overruled and judgment affirmed.