## RIESS v. PENNSYLVANIA R. CO.
### No. 66.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1939.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll and Milton M. Rosenbloom, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Ray Rood Allen and G. Hunter Merritt, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiff brought action to recover damages for the death of her husband who was killed in a collision between a truck driven by him and a train operated by the defendant. The trial court dismissed the complaint at the close of the plaintiff's case, on the ground that the proof of negligence was insufficient to warrant submission of the case to the jury.

The collision occurred on October 13, 1937, at a private crossing over the defendant's track near Port Allegany, Pennsylvania. The track is a single one, running north and south. A private road runs from a public highway east of the track, crosses the track at right angles and ends at the Dalloway farm a short distance west of the track. It serves only the Dalloway place. The record shows very little as to the accident. The deceased in his truck had called at the Dalloway house for junk, using the crossing to get there. As he was leaving, his truck stalled, and he was seen standing nearby, trying to start it. The truck was then facing the track, but was not on the crossing. Nothing more is shown as to his movements, beyond the fact that the truck was hit on the crossing by one of the defendant's trains from the north and the deceased killed. The train was travelling "fast"; whether faster than usual does not appear. The time was about noon, on a clear day. From a point on the private road 30 feet to the west of the crossing there was clear vision of the

track for 850 feet north, and at 10 feet there was clear vision for 1,200 feet north. There was testimony that the gravel at the crossing was six inches below the top of the rails, and that after the accident there was a bright spot on the outer side of the west rail.

It is urged on the plaintiff's behalf that there was enough evidence to permit an inference that the deceased attempted to cross before the train came in sight, that the rear wheels of the truck were unable to mount the west rail on account of the height of the rail above the gravel, that the truck was thus halted on the crossing, and that the engineer on the train should have seen it standing still on the crossing in time to stop the train. Some such theory of interrupted movement was indispensable to the plaintiff's case, for if the truck was hit while moving across the track, the deceased was chargeable with contributory negligence as matter of law under the stop, look and listen rule. He had a clear view of the track to the north for nearly a quarter of a mile before starting to cross, and the crossing was a short one. While there is said to be a presumption in death cases that the deceased did stop, look and listen, the presumption yields to "incontrovertible physical facts" showing that the deceased before attempting to cross had a clear view of the track for a long distance in the direction from which the train approached and must have seen the train if he had looked. Radziemenski v. Baltimore & Ohio R. Co., 283 Pa. 182, 128 A. 735; Weber v. Pittsburgh R. Co., 300 Pa. 351, 150 A. 624; Lamp v. Pennsylvania R. Co., 305 Pa. 520, 158 A. 269, 84 A.L.R. 1217. But where there is evidence that the automobile was stalled on the track long enough for the train to have come into view after the deceased started to cross, it cannot be said as matter of law that he ignored the stop, look and listen rule. Vlasich v. Baltimore & Ohio R. Co., 307 Pa. 255, 161 A. 70.

The evidence is too meagre to indicate that the truck was ever motionless on the rails. The bright spot on the rail may have been caused by a spinning of a rear wheel, as the plaintiff urges; it may have been due to a scraping when the train hit the truck or to any one of a number of other causes. The matter is the merest guesswork. If we pass this difficulty and assume that the truck did become motionless on the crossing, we find no basis for the further inference that the truck was in that position long enough for the engineer to have observed it and stopped the train short of the crossing. The fault for this unfortunate fatality is left at large by the plaintiff's proof. Nelms v. Pennsylvania R. Co., 268 Pa. 292, 109 A. 673. The presumption that the deceased used due care bears only on the issue of contributory negligence; it does not help the plaintiff on the issue of negligence by the defendant, the defendant being entitled to a like presumption of due care on that issue. The trial court properly held that there was insufficient evidence to take the case to the jury.