Gerovica *v.* Dzelalia, Appellant.

Argued April 29, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey JJ.

*David R. Levin,* for appellant.

*R. J. Lucksha,* for appellee, was not heard.

Opinion by Kenworthey, J., July 23, 1942:

This action, originally commenced in equity, was subsequently certified to the law side of the court. It was brought to recover the sum of $1900 with interest. Defendant appeals from the refusal of his motion for

a new trial.[1]   The assignments of error raise three
questions: (1) Whether the verdict was against the
weight of the evidence; (2) whether the court erred
in refusing defendant's motion to amend the counter-
claim by incorporating a demand for an accounting;
and (3) whether the court committed reversible error
in any of specified portions of its charge.

(1) Defendant conducted a wholesale beer busi-
ness. According to plaintiff's evidence, on or about
June 5, 1933, defendant needed cash and plaintiff loaned
him $800 and went to work for him as a deliveryman
and salesman at a stipulated salary of $15 per week.
The suit was to recover the loan and an unpaid balance
of salary of $1,100.

Defendant acknowledged receipt of the $800 and
claimed it was accepted in lieu of a bond to protect
him against misappropriation of funds by plaintiff.
He admitted the contract of hire, but denied there was
a balance due and counterclaimed $2,379.40, which he
alleged represented shortages in plaintiff's accounts
over and above the $800 deposit and wages agreed upon.

It is not contended the evidence was insufficient to
sustain the verdict; there was no motion for judgment
n. o. v.   And when a lower court refuses a motion for
new trial on the ground that the verdict was against
the weight of the evidence, that is the end of the matter
in the absence of a clear abuse of discretion. *Heaver
v. Philadelphia Rapid Transit Company,* 120 Pa. Su-
perior Ct. 520, 526, 183 A. 110.

(2) On September 4, 1940, after defendant had filed
his original and an amended affidavit of defense and
counterclaim, he presented a motion for leave to amend
the counterclaim by striking off a statement of account
which he, defendant, had attached to the counterclaim,

---

[1] The action was originally against husband and wife.   A
nonsuit was entered as to the wife which plaintiff did not move
to take off.

and including in its stead a demand that "plaintiff be required to render an accounting." The court made an interlocutory order refusing this motion. The ruling was reconsidered on defendant's motion for new trial. We find no reversible error in the refusal of the motion.

The Practice Act of May 14, 1915, P. L. 483, sec. 11, as amended by Act of May 26, 1937, P. L. 895, sec. 1, 12 PS 393, gives to a defendant in a counterclaim the right to ask for an account where plaintiff has received moneys in any capacity "for which he is bound to account to the ...... defendant," or if the defendant is unable to state the exact amount due him "by reason of the ...... plaintiff's failure to account to him." But under the evidence in this case, plaintiff kept no separate accounts of the moneys he received as defendant's employee. The undisputed testimony was that the order book, the slips for beer collected from the brewery, and the receipts for expenses, were turned over to defendant at the end of each day. According to plaintiff's testimony, he also turned over the money at the end of each day; according to defendant, this was done once or twice a week. But laying aside this dispute as to when the money was turned over, the fact is that the accounts were kept by defendant, not plaintiff, and that an accounting showing the amount due was actually rendered to defendant every day during the course of the employment. We agree with the court below that the pleading contemplated by the Practice Act, as amended, is wholly inapplicable to the case now before us.

(3) The case was submitted to the jury in a fair and comprehensive charge in which the evidence and the applicable principles of law were discussed in considerable detail. Only a general exception was taken. The objections now raised are obviously afterthoughts, and they could very easily have been obviated if the

court's attention had been called to them at the time; some deal with parts of the charge pertaining to the *amount* of the counterclaim with which we have no legal concern since the verdict was for the plaintiff in the full amount of his claim with no deductions whatever. It is contended that some are examples of "fundamental error" and therefore cognizable without specific exception.

It would unduly prolong this opinion to discuss them separately and in detail. We have carefully considered them all. It is our conclusion that those which might be considered fundamental are entirely without merit and those which are not fundamental could have been corrected easily if the court's attention had been called to them.

Judgment is affirmed.