## Gregory, Appellant, *v.* Atlantic Refining Company.

400

Argued November 20, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*A. A. Guarino,* with him *Della Porta, Guarino & McGinty,* for appellant.

*John J. McDevitt, 3rd,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 17, 1958:

Defendant's truck collided with decedent's jeep on February 9, 1953. Suit was brought by decedent's mother in her own right and as administratrix of the estate of decedent. At the close of plaintiff's testimony relating to liability, the trial court entered a nonsuit which it subsequently refused to take off. Judgment was entered for the defendant and this appeal followed. Excerpts from the opinion of the lower court written by the late Judge CRUMLISH well state the facts and the principles of law applicable to this appeal.

"The collision occurred at about 8:15 A.M., on a clear, dry day. Defendant's oil truck was proceeding westwardly at about twenty-five to thirty miles an hour on Buist Avenue, a two-way thoroughfare, fifty feet wide from curb to curb. Decedent was proceeding in a *southerly* direction on Massey Street, a one-way northbound street, twenty-two feet wide from curb to curb. From all the evidence, it appears that the driver of defendant's truck first saw the jeep when he was twenty-five feet east of Massey Street, at which time the jeep was halfway past the north building line of Buist Avenue. He applied his brakes, observing that the other vehicle was not going to stop at the intersection; when he realized his brakes were not going to hold in time to prevent a collision, he swerved the wheel of the truck to the left in an attempt to avoid striking the jeep; at the same time, the driver of the jeep proceeded into the intersection, then turned in a southwesterly direction (to the right) in an apparent attempt to avoid being hit. At the point of impact both vehicles were travelling westward on Buist Avenue. There is no question but that Massey Street, on which the decedent was travelling southbound, was clearly marked as being one-way northbound. On the southwest corner of Massey Street and Buist Avenue there

was a twenty-four inch one-way arrow showing that the street was one-way northbound; the first intersecting street with Massey Street to the north of Buist Avenue, Elmwood Avenue, was also so marked.

"Plaintiff had a two-fold burden of proving defendant's driver negligent and that his negligence was the proximate cause of the accident: Crane v. Neal, Appellant, 389 Pa. 329, 334 (1957). 'The evidence of such negligence must so describe, picture or visualize what happened as to enable one fixed with the responsibility for ascertaining the facts to find that the defendant was the culpable party': Moore, Extrx., Appellant v. Esso Standard Oil Company of Pennsylvania, 364 Pa. 343, 346 (1950). There was no disinterested eyewitness to the accident. Plaintiff called upon defendant's truck driver (not in defendant's employ at the time of trial) to testify on behalf of the plaintiff. After a careful review of the evidence offered by plaintiff on the question of defendant's negligence, viewing it in a light most favorable to plaintiff's cause, the court was satisfied that plaintiff had failed to meet her burden of proof, wherefore concluded that a nonsuit was properly entered.

"Much stress has been placed by plaintiff on the presumption that the decedent used due care. Both on the question of negligence of defendant, and possible contributory negligence on the part of the plaintiff, we find the language used in Duda, Admx., Appellant v. Carothers, 379 Pa. 248, 250-251 (1954), particularly applicable to the case at hand. The court, speaking through Justice ARNOLD, stated, 'Although the plaintiff starts with the presumption that the deceased used due care, the presumption does not establish the negligence of the defendant.' [Cf. Moore v. Esso Standard Oil Co. of Pa., 364 Pa. 343, 72 A. 2d 117 (1950) (so called 'presumption of due care' actually shifts to the

defendant burden of introducing evidence and persuading jury on issue of plaintiff's contributory negligence.)] '. . . In this case there is nothing which the jury could reasonably use as a basis for [a] finding of negligence in the defendant, and it is not permitted to speculate or guess: Lanni v. Pennsylvania Railroad Co., 371 Pa. 106, 110, 88 A. 2d 887.' "

Taking the testimony most favorable to plaintiff, it appears that the defendant's truck travelled a distance of between 52 to 57 feet from the point at which the driver first saw the decedent to the spot of the collision. From this evidence the plaintiff argues that a jury is entitled to infer that the defendant's vehicle was being driven at an excessive rate of speed under the circumstances; that the driver was not alert; that the brakes were defective or that the driver did not have his vehicle under control at all times. We cannot agree. A jury could not reasonably reach any of these conclusions.

The evidence adduced by plaintiff shows that defendant's truck was being driven on a 50 foot wide avenue and approaching an intersecting street from which traffic could not reasonably be expected to issue. *Christ v. Hill Metal & Roofing Co.*, 314 Pa. 375, 171 Atl. 607 (1934). Under the circumstances the speed of the truck which was between 20 and 30 miles an hour cannot be said to be excessive. The testimony does not show that at the moment the defendant's driver caught sight of the decedent's automobile he realized that the vehicle was not going to stop at the intersection and therefore at that instant applied his brakes. However, assuming this to be so, a jury would have no basis for ascertaining whether it would have been possible for the truck driver to have brought his vehicle to a stop before colliding with the decedent's jeep. To illustrate, traffic safety studies indicate that

a vehicle proceeding at 20 miles an hour, on the best type of road surface under favorable conditions will travel 40 feet before it can be brought to a halt.[1] On the other hand, if the speed of the vehicle were 30 miles an hour these studies show that the minimum required stopping distance would be 73 feet,[2]—some 20 feet more than the distance between the point at which the decedent's automobile was sighted by the truck driver and the spot at which the accident occurred.

Since the jury has no basis for determining whether the truck was travelling at 20 or 30 miles an hour or at some intermediate speed, and what the truck's required stopping distances were at each of the possible speeds, they cannot find that by the use of due care in both the maintenance of the truck and the driving thereof the accident could have been avoided.

We agree with the determination of the trial court; plaintiff has failed to produce sufficient evidence of the defendant's negligence to submit the issue to a jury. It is therefore unnecessary for us to determine whether plaintiff's evidence also affirmatively established the contributory negligence of the decedent.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

---

[1] These statistics are taken from pioneer studies of the National Safety Council and are reported in the Digest of The Vehicle Code of Pennsylvania and Students Manual, Revised Edition 1956, compiled by the Department of Revenue.

[2] Ibid. It should be noted that these statistics are based on alert driving under ordinary circumstances. However, in cases of emergency, there is invariably a moment of indecision by the driver which will increase the total minimum stopping distances required.