THOMAS M. CARROLL *vs.* BOSTON AND NORTHERN STREET
RAILWAY COMPANY.

Suffolk.   March 15, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* On street railway.

If a passenger standing in an electric car, who has started to get out but finds that
his stopping place has not been reached, puts his hand against the jamb of the
doorway of the car with his thumb in the slot in which the door slides, to sup-
port himself against a sudden starting of the car, and the conductor, standing on
the platform facing the passenger with his face not more than twelve inches
from him and nearly opposite the passenger's hand, slams the door on the pas-
senger's thumb and injures it, there is evidence warranting a finding of due
care on the part of the passenger and of negligence on the part of the railway
company.

TORT for the crushing of the plaintiff's thumb by a door of
a car of the defendant in which the plaintiff was a passenger,
through the alleged negligence of the conductor of the car.
Writ in the Municipal Court of the City of Boston dated Jan-
uary 7, 1902.

On appeal to the Superior Court the case was tried before
*Aiken,* J.   At the close of the evidence the defendant requested
the judge to direct a verdict for the defendant on the grounds
that, as matter of law, the plaintiff's keeping his hand in the
door jamb until it was crushed was not due care and legally
contributed to causing the plaintiff's injury, and that there was
no evidence to warrant a finding that the conductor knew, or
ought to have known, that the plaintiff's thumb was in a place
of danger and that therefore there was no sufficient evidence of
the defendant's negligence.

The judge refused to rule as requested.   The jury returned a
verdict for the plaintiff in the sum of $300; and the defendant
alleged exceptions.

*H. F. Hurlburt, B. B. Jones & F. P. Cabot,* for the defendant.

*J. A. McGeough,* for the plaintiff.

LORING, J.   The evidence warranted the jury in finding these
facts.   The plaintiff was a passenger on a surface car of the de-

fendant railway, on a cold day in December. The glass of the windows was so coated with frost that a person on the inside could not see out through them. The plaintiff wished to stop at the street next beyond Joiner Street, and supposing that the car had passed Joiner Street he gave a signal to the conductor to stop at the next street. As the car came to a standstill he got up from his seat and walked back toward the door, which the conductor had opened. He then saw that the car had stopped at Joiner Street, and said to the conductor that he had made a mistake; that he did not want to get off there, but at the next stopping place, and he put out his hand against the jamb of the doorway, about half way up, with his thumb in the "slot in which the door slides," to support himself against a sudden starting up of the car as it had "stopped unusually sudden." Thereupon the conductor, who was standing on the platform on the same level as the floor of the car, and who saw the plaintiff's thumb in the slot of the door, or, if he had exercised due care would have seen it there, "got into a fit of rage," slammed the door on to the plaintiff's thumb with an oath, and caused the injury here complained of.

The defendant's contention is that there was no need for the plaintiff's putting his thumb in the slot. But it is plain that a passenger, in the exercise of due care, can grasp something to steady himself against being thrown back and forth by the car's starting forward suddenly. The jury were warranted in finding that this passenger had reason to suppose that this car might start forward suddenly, and that there was not anything else which gave this plaintiff a means of so steadying himself except grasping the slot.

The jury were warranted in finding that the conductor knew, or, if he had exercised due care would have known, that the plaintiff's thumb was in the slot. There was evidence that he was standing facing the plaintiff, not more than twelve inches away from him, and that the plaintiff's hand was about opposite his face.

The custom which exists in England of having the doors of railway carriages on steam railroads shut by the guard from the outside just before the train starts, makes the English cases relied on by the defendant of no value here.

*Exceptions overruled.*