# L'Hommedieu, Appellant, *v.* The Delaware, Lackawanna & Western Railroad Company.

*Negligence—Railroads—Passengers—Conductor closing door on passenger's fingers — Moving train — Passengers' duty to remain seated—Assumption of risk—Nonsuit.*

Where a passenger on a railroad day coach leaves his seat while the train is still in motion before reaching the station of his destination, and while standing in the vestibule with his fingers on the jamb of the car door, the conductor shuts the door on his fingers, he must be charged with having assumed the risk of what happened, in the absence of evidence that the conductor actually saw the position of his fingers or acted wantonly, and in an action against the railroad company for the recovery of damages for the injury so sustained, a compulsory nonsuit was properly entered.

Argued April 9, 1917.   Appeal, No. 238, Jan. T., 1916, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1914, No. 1777, refusing to take off compulsory nonsuit in case of Arthur R. L'Hommedieu v. The Delaware, Lackawanna and Western Railroad Company.   Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before GARMAN, J.

The facts appear in the following opinion of the court in banc:

The plaintiff, a passenger in a day coach on defendant's vestibuled train approaching Scranton, when the station was called and the car door into the vestibule was opened by the trainman, left his seat and went forward into the vestibule, preparatory to alighting. There he took a position facing the unopened vestibule door through which he expected to go. In order to steady himself in that position, he placed his right hand against the jamb of the car door, with his fingers in the space between the door and the jamb. Before the station was reached, the trainman who stood in the vestibule in front of the plaintiff reached into the car and pulled shut the open door upon the plaintiff's fingers, inflicting the injury for which the action was brought. The reason for thus shutting the door was not disclosed on the trial, as the defendant offered no evidence.

There is no proof that the trainman actually saw the position of the plaintiff's fingers, nor is there any contention that he acted wantonly, as he must have done if he had seen, but the claim is advanced as the foundation of liability, that he ought to have seen and in the exercise of due care for the safety of the passenger should not have closed the door without warning or other precaution.

We cannot sustain this view.

There is no evidence that the trainman was not acting within the proper line of his duty, and presumptively he was so acting when he shut the door.

He was under no obligation to see where the plaintiff's fingers happened to be, nor to foresee any reasonable probability of their being placed in such a precarious position.

The plaintiff, by leaving his seat and standing in the vestibule, assumed the risk of what happened, even if he were not guilty of contributory negligence in so doing.

We need not go so far as to decide that he was guilty of contributory negligence, nor will we decide that he was not guilty thereof and thus run the risk of creating, with slight ground for distinction, an exception to the salutary rule of authority that a passenger on a railroad train should not leave his seat for the purpose of alighting until the train comes to a stop.

We pass over the question of contributory negligence altogether, and we hold that the nonsuit was properly allowed for lack of proof establishing negligence on the part of defendant's employee.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*Frank A. McGuigan,* with him *Harris B. Hamlin,* for appellant.

*Benjamin R. Jones,* with him *J. H. Oliver,* for appellee.

PER CURIAM, May 7, 1917:

It clearly appears from the concise opinion of the court below, refusing to take off the nonsuit, that no negligence of defendant was shown, and, on that opinion, the judgment is affirmed.