CAMP *v.* SPRING.

1. CARRIERS—FUNERAL DIRECTOR NOT A CARRIER.
A funeral director, superintending the formation of a procession of automobiles furnished by others, and assisting persons to enter such vehicles, does not sustain the relation of a carrier, public or private, to the persons using the vehicles.

2. NEGLIGENCE—FUNERAL DIRECTOR BOUND TO EXERCISE CARE BUT NOT REQUIRED TO SEARCH FOR CARELESS ACTS.
A funeral director assisting persons to enter automobiles furnished by others was bound to exercise reasonable care, but was not required to search for careless acts on their part, such as leaving their fingers in the door jamb of a sedan, resulting in injury when the director closed the door.

3. CARRIERS—LIABILITY WHERE PASSENGER INJURED BY CLOSING DOOR BY SERVANT.
Although a common carrier would be liable for an injury to a passenger occasioned by the act of a servant who' should know that the passenger was in position where the closing of a door would cause injury, it would not be liable where the servant had no reason to believe that the passenger was in position to be injured thereby.

4. NEGLIGENCE—RES IPSA LOQUITUR NOT RECOGNIZED.
In Michigan the doctrine *res ipsa loquitur* is not recognized.

5. SAME—FUNERAL DIRECTOR NOT LIABLE FOR INJURIES CAUSED BY CLOSING DOOR WHERE DANGER NOT KNOWN TO HIM.
A funeral director, who, after assisting a passenger into a sedan, closed the door, and the passenger's finger was caught in the jamb and injured, was not liable therefor, in the absence of evidence that he saw the danger, since the closing of the door was a usual and proper act and in itself did not constitute negligence.

Error to Kent; Perkins (Willis B.), J.    Submitted

[1]Carriers, 10 C. J. § 1034 (Anno); [2]Negligence, 29 Cyc. p. 433; [3]Carriers, 10 C. J. § 1324; [4]Negligence, 29 Cyc. p. 592 (Anno); [5]Id., 29 Cyc. p. 430.

January 10, 1928.    (Docket No. 110.)    Decided February 14, 1928.

Case by Mary H. Camp against Berton A. Spring, doing business as Berton A. Spring Company, for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Dilley, Souter & Dilley,* for appellant.

*Rolland J. Cleland,* for appellee.

WIEST, J. Defendant, a funeral director, closed the door of a Lincoln sedan—the last car in a funeral procession ready to start for a cemetery—and caught fingers of plaintiff in the door jamb. The car was not one furnished by defendant but he assisted plaintiff to enter. Because of others in the car plaintiff was still standing when defendant closed the door. A verdict having been directed against plaintiff, we omit reference to the defense.

Was the happening a mere accident or was it occasioned by defendant's negligence, and, if so, was plaintiff free from want of care? The circuit judge thought it a mere accident but, if actionable, plaintiff was guilty of contributory negligence.

While counsel for plaintiff do not claim that defendant, acting as funeral director and superintending the formation of the funeral procession and accommodation of persons, was a common carrier, they do insist he was a private carrier and cite cases against carriers. A funeral director, superintending the formation of a procession of automobiles furnished by others, and assisting persons to enter such vehicles, does not sustain the relation of a carrier, public or private, to the persons using the vehicles. Defendant, however, was bound to exercise reasonable care, but was not required to search for careless acts committed by plaintiff. Counsel for plaintiff call our attention to cases relative to common carriers and seek,

by analogy, to establish the negligence of defendant. While the books contain many cases holding common carriers liable for injuries to passengers occasioned by the acts of servants who should know that the passenger was in position where the closing of a door would cause injury, the rule is equally well settled that a common carrier is not liable where the servant had no reason to believe the passenger was in a position to be injured by the closing of a door. The closing of the door after plaintiff had entered the car was a usual and proper act, and defendant was not bound to anticipate so unusual an occurrence as plaintiff placing her fingers in the door jamb. Plaintiff was not confronted with a sudden emergency in which she might be excused from acting with care.

Many of the cases cited by counsel for plaintiff employ the doctrine *res ipsa loquitur*, and for that reason cannot be considered in this jurisdiction where that doctrine is not recognized. Even should we hold defendant a carrier, he is not liable.

In *Hines* v. *Railway Co.*, 198 Mass. 346 (84 N. E. 475), a station platform guard in closing a car door from outside caught the fingers of a passenger in the door jamb. The court stated:

"Nor was the act of shutting the door a negligent act. He saw that all the passengers were in, and he had no reason to anticipate that any passenger already in would place a hand on the jamb of the door."

The court pointed out the nonapplicability of *Carroll* v. *Railway Co.*, 186 Mass. 97 (71 N. E. 89), cited in the case at bar by counsel for plaintiff.

In *L'Hommedieu* v. *Railroad Co.*, 258 Pa. 115 (101 Atl. 933), a passenger, when his station was called and the car door into the vestibule was opened by a trainman, went into the vestibule, and, to steady himself, placed his right hand against the jamb of the car door with his fingers in the space between the door and the jamb.

"Before the station was reached, the trainman who stood in the vestibule in front of the plaintiff reached into the car and pulled shut the open door upon the plaintiff's fingers."   *   * ,   *

The court held:

"There is no proof that the trainman actually saw the position of the plaintiff's fingers, nor is there any contention that he acted wantonly, as he must have done if he had seen, but the claim is advanced, as the foundation of liability, that he ought to have seen and in the exercise of due care for the safety of the passenger should not have closed the door without warning or other precaution. We cannot sustain this view. * * * He was under no obligation to see where the plaintiff's fingers happened to be, nor foresee any reasonable probability of their being placed in such a precarious position."

See, also, *Texas & Pac. R. Co.* v. *Overall*, 82 Tex. 247 (18 S. W. 142).

We think the reasoning of these cases decisive of the question at bar. There is no claim that defendant saw the position of plaintiff's fingers. The claim is he could have seen the position of plaintiff's fingers had he made observation. Plaintiff had entered the car, and it was not a negligent act for defendant to close the door. Plaintiff did not establish negligence on the part of defendant. We, therefore, do not pass upon the question of plaintiff's contributory negligence. We are mindful, however, that the peril to fingers in a door jamb is not only obvious but one of the first lessons taught by experience in childhood.

The judgment in the circuit is affirmed, with costs to defendant.

NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.