CLARENCE L. COLE, RELATOR, v. JOSEPH A. CORIO, RESPONDENT.

Argued May 8, 1929—Decided May 24, 1929.

Before Justices PARKER, BLACK and BODINE.

For the relator, *Lee F. Washington.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

PARKER, J. The claim of the relator is that respondent unlawfully exercises the office of a judge of the Court of Common Pleas in and for the county of Atlantic, to which he was appointed by the governor pursuant to chapter 19 of the laws of 1929, which provides in substance that in counties bordering on the Atlantic ocean and having a population of from fifty thousand to one hundred thousand, the governor is authorized and empowered to appoint by and with the advice and consent of the senate an additional judge of the Court of Common Pleas.

The attack is essentially upon the existence of an office to which the governor could appoint—for the rule is rested on grounds which attack the statute itself as unconstituional, first, as a special act, regulating the internal affairs of counties in violation of article 4, section 7, paragraph 11; secondly, as an improper delegation of power to the executive (article 3, paragraph 1) ; and lastly, because the title is defective (article 4, section 7, paragraph 4). The counter-motion is based upon the propositions that the attack is essentially upon the office itself, and that in such case *quo warranto* will lie only at the instance of the attorney-general himself, acting in his own right, and not as in this case at the instance of a citizen by leave of the court, pursuant to the statute of 1795, now appearing as section 1 of the *Quo Warranto* act. *Comp. Stat., p.* 4210. We have preferred to deal with the case on its intrinsic merits without depending upon niceties of procedure as a basis for our determination.

The first ground of attack which is in substance that a classification of counties both by population and by geographical situation is illusory, would be serious if this act were, as relator claims it is, an act regulating the internal affairs

of counties. In *Smith* v. *Freeholders*, 5 *N. J. Mis. R.* 153; *affirmed*, 104 *N. J. L.* 185, such classification was condemned. But the present·act is not one regulating the internal affairs of counties. On this point it is needless to cite any authority further than *State* v. *Taylor*, 68 *N. J. L.* 276, in which it was definitely held that the enlargement of the jurisdiction of county judges in a selected class of counties was not any regulation of their internal affairs. We see no difference in principle between that situation and a legislative provision authorizing an addition to the judiciary of the Court of Common Pleas, or fixing the salary as in *Pamph. L.* 1921, *p.* 252, and *Pamph. L.* 1924, *p.* 397.

Next, as to the alleged unlawful delegation of power to the executive. The argument is that by the act under consideration the legislature has committed it to the governor to decide whether or no there shall be a second Common Pleas judge in Atlantic county when it should have decided that question itself. It is true that in many cases, perhaps a large majority of cases, the statutory language in this regard has been mandatory. But in many other cases, as for example the appointment of vice-chancellors (*Comp. Stat., p.* 447, § 95), and in this very matter of the Common Pleas on at least three successive occasions, the legislature has undertaken to authorize the governor, "whenever in his judgment the public interest shall so require, to appoint by and with the consent of the senate" one or more additional judges in specified cases. *Comp. Stat., p.* 1730; *Pamph. L.* 1908, *p.* 33; 1918, *p.* 137; 1929, *p.* 64. We are not aware that any attack, let alone any successful one, has heretofore been made on this sort of legislation. The case of *Gilhooly* v. *Elizabeth*, 66 *N. J. L.* 484, cited for relator, involved the matter of municipal administration and we think has no bearing on the question in hand. As a practical matter it is somewhat immaterial whether the statute be permissive or mandatory, as the governor cannot be compelled by *mandamus* to appoint if he refuse to do so. *State* v. *Governor*, 25 *Id.* 331. But in any event, statutes conferring discretionary

authority to appoint are common enough, and we see nothing unconstitutional in the present act on that account.

Lastly, that the title is defective as not expressing the object of the act. As indicated in the headnote, it is a supplement to an act entitled "An act to regulate the Court of Common Pleas." Similar titles to amending and supplementary legislation are of every-day occurrence, and there are probably a score of such "supplements" to the Common Pleas act which would fall with this one if the present point be upheld. But our decisions are very properly to the contrary. *McGovern* v. *Hope,* 63 *N. J. L.* 76; *McDonald* v. *Freeholders,* 99 *Id.* 393, 396. The test seems to be whether the supplement is fairly within the scope of the original act. *Quigley* v. *Lehigh Valley Railroad Co.,* 80 *Id.* 486, 492; *McMahon* v. *Riker,* 92 *Id.* 1, 637, for if a supplement or amendment goes beyond the purpose of the original, by adding, for example, a new class of persons affected, or a new class of offenses denounced, the title should so indicate. *Davison* v. *Patlerson,* 94 *Id.* 338; *Hedden* v. *Hand,* 90 *N. J. Eq.* 583. The act now under examination provides merely for two judges where there was one before, and tested by the foregoing decisions, its title is plainly adequate.

This disposes of the case and makes it unnecessary for us to decide the counter-motion to quash the rule as improvidently issued, either on the ground that when the attack is on the office, information lies only at the instance of the attorney-general. *Steelman* v. *Vickers,* 51 *N. J. L.* 180; *Holloway* v. *Dickinson,* 69 *Id.* 72; *Christie* v. *Bayonne,* 64 *Id.* 191; *Moore* v. *Seymour,* 69 *Id.* 606; *Bonynge* v. *Frank,* 89 *Id.* 239; or on the ground that in such case *certiorari* is the proper remedy. *Christie* v. *Bayonne, supra; Lewis* v. *Newark,* 74 *N. J. L.* 308, 313; *Loughran* v. *Jersey City,* 86 *Id.* 442.

The rule will be discharged, with costs.