McINTYRE *v.* KUNSKY THEATRES CORP.

Theatres and Shows—Negligence—Directed Verdict.
In action against theatre company for negligence of its employee in closing automobile door on plaintiff's fingers, resulting in serious injury, evidence *held,* to justify directed verdict in favor of defendant.

Appeal from Wayne; Murphy (Alfred J.), J. Submitted October 29, 1931. (Docket No. 129, Calendar No. 35,955.) Decided January 4, 1932.

Separate actions of case by Abby McIntyre and Harold McIntyre against Kunsky Theatres Corporation, a Michigan corporation, for personal injuries sustained by Abby McIntyre alleged to be due to negligence of defendant's employee. Cases were tried together. Directed verdicts and judgments for defendant. Plaintiffs bring error. Affirmed.

*Dennis Boyle,* for plaintiffs.

*Frederick J. Ward,* for defendant.

SHARPE, J. Plaintiff Abby McIntyre brought an action to recover damages for an injury sustained to her hand by the closing of the door of an automobile by an employee of the defendant. Her husband, Harold McIntyre, seeks to recover the damage he sustained by reason of his loss of the services of his wife and the expense he has been put to by her injury. By stipulation of counsel, the two cases were tried together. At the conclusion of the proof offered by the plaintiffs, the trial court, on motion of defendant's attorney, directed a verdict in both cases in its favor, and plaintiffs here seek review of the judgments entered thereon by appeal. Mrs. McIntyre will be hereafter referred to as the plaintiff.

Her testimony, corroborated by other witnesses, established the following facts: That when she came out of defendant's theatre about 4 o'clock in the afternoon of January 13, 1928, accompanied by Mrs. Frederick Colman, Mrs. Julia Colman, the daughter-in-law of the latter, drove up to the sidewalk at the entrance to the theatre in a seven-passenger automobile; that, as the plaintiff and Mrs.

Frederick Colman approached the car, Mrs. Fredericks, who was sitting in the front seat with the driver and on the side next to the sidewalk, got out to assist them in entering the car; that plaintiff got into the back seat first, but, on it appearing that she desired to alight on the right-hand side of the car, she concluded to let Mrs. Colman pass her. She then testified:

"I stepped back, I had hold of the robe and I stepped back, and Mrs. Colman is large, the same as I am, and I stepped back to let her pass me in the car.

"Q. When you stepped back, what did you do with your hand? Did you have anything in your hand?

"A. In this hand, my left hand, I had the corner of the robe holding it up so that Mrs. Colman could pass, and I put my hand back to steady myself, I put my right hand back to steady myself while she was passing me.

"Q. About where were you standing in the car in respect to the left side or right side?

"A. I had stepped toward the right side a little and back in order to let Mrs. Colman pass to the left-hand seat.

"Q. Were you supporting yourself or just standing there naturally?

"A. I had my hand over against something solid.

"Q. Which hand?

"A. My right hand.

"Q. What were you doing with your left hand?

"A. I was holding the robe.

"Q. Did Mrs. Colman enter the car?

"A. Yes.

"Q. Did she pass in front of you?

"A. Yes.

"*Q.* You say that you put your right hand on something solid. Did you notice where you put your hand?

"*A.* I didn't notice because I was turning that way. I put my hand back."

She did not realize that her right hand was in the door jamb until the footman or doorman in the employ of the defendant, whose duty it was "to open and close doors and keep the place clear from traffic," closed the door and her hand was caught and badly crushed. The footman, called by the plaintiff for cross-examination, testified that it was his duty to stay "right in front outside the theatre;" that there is a marquee extending from the building to the edge of the sidewalk, and that he looked before closing the door and saw that those in the back seat were seated.

The action of the trial court in directing a verdict was based upon the decision of this court in *Camp* v. *Spring,* 241 Mich. 700. Counsel attempts to distinguish it, claiming that the facts were different. We have examined the record in that case with care, and find in it no facts which can fairly be said to differentiate it from those here presented. In our opinion, it is controlling of the issue, and justified the action of the trial court in directing the verdicts.

The judgments are affirmed.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.