## MAME WILDES v. JESSE WILDES.[1]

March 17, 1933.

No. 29,327.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*Stassen & Ryan* and *Charles P. Stone,* for respondent.

DIBELL, JUSTICE.

Action by the plaintiff to recover damages to her hand sustained as she was getting into the defendant's automobile. There was a verdict for the plaintiff for $700. The defendant appeals from the order denying his alternative motion for judgment or a new trial. There are two questions: (1) Whether the evidence sustains the finding that the defendant was negligent; and (2) whether the evidence requires a finding that the plaintiff was contributorily negligent.

The defendant is the son of the plaintiff. Both live at Hastings, Minnesota. She is not a member of his household. On July

[1]Reported in 247 N. W. 508.

12, 1931, a Sunday, he took his mother and his family for an outing to Taylors Falls, Minnesota. From there they crossed to St. Croix Falls, Wisconsin. His auto was a Chevrolet sedan. There were in it his wife, six children, ranging from 2 to 15 years in age, and his mother, who was 62. The defendant drove.

About four o'clock in the afternoon they prepared to return. They were then at St. Croix Falls. His wife and three children were in the rear seat. The other three children were in the front seat. The plaintiff was about to get in the rear seat from the right-hand side. She put her left foot upon the running board and took hold of the door jamb to help herself in. The front door was hinged at the front and the rear door at the rear. Both doors were open. The defendant was standing toward the front of the car. The jury could find that he knew or should have known as he started closing the front door that his mother was about to enter the rear door, and that ordinary care on his part would have avoided injuring her. He was in charge of the trip. As soon as the right front door was closed he went to the other side to get in and start home. The precise facts as to the position of the plaintiff may not be as she claims them; but they are believable, and we accept them.

The defendant's claim that he was not negligent is based largely on Camp v. Spring, 241 Mich. 700, 217 N. W. 917, and McIntyre v. Kunsky Theatres Corp. 256 Mich. 634, 239 N. W. 890. These cases are distinguished in that the injured party was inside the car at the time of the injury. The facts there were not as here. In Leban v. Range R. T. Co. 167 Minn. 40, 208 N. W. 533, a recovery was allowed to one who was preparing to alight from a bus. The facts are so different that the law stated there is not determinative here. But cases are collected there and much discussion of value on the general question is given.

The question of defendant's negligence was one for the jury. Different reasonable minds might come to different conclusions. The facts might not appear to one as to another, and different minds might draw different conclusions upon the ultimate question of negligence. And neither the trial court nor the appellate judges

should undertake to say that the jurors could find only for the defendant.

Whether the plaintiff was contributorily negligent was for the jury. She was taking a natural way of getting support as she got into the rear seat. All were in the car except herself and her son. He was waiting until the passengers were in and then was to go to the left side of the car to take the wheel. Under these circumstances it cannot be said as a matter of law that she was contributorily negligent. The Michigan cases cited do not control.

The case was submitted to the jury on a fair charge, to which there was no exception, and the result reached, as far as we know, was the right one on the facts.

Order affirmed.

OLSEN, JUSTICE, took no part.