GLADYS M. SHERIDAN *vs.* HOTELS STATLER COMPANY, INC.

Suffolk. February 8, 1933. — March 30, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence* Contributory, Proprietor of hotel.

At the trial of an action for personal injuries against the proprietor of a hotel, there was evidence that a doorman in the defendant's employ opened the door of a taxicab for the plaintiff as he came out of the hotel, and stood holding the door as the plaintiff and a friend entered the taxicab; that the doorman shut the door while the plaintiff was seating himself, with his hand brushing the door or the side of the taxicab near the hinges of the door, and while the doorman was looking away at another taxicab; that the plaintiff knew that the doorman was looking elsewhere; and that the plaintiff's finger was caught in the hinge of the door. *Held,* that

(1) A finding was warranted that the doorman was negligent;

(2) It could not properly have been ruled that the plaintiff was guilty of contributory negligence.

TORT for personal injuries. Writ dated February 28, 1929.

The action was tried in the Superior Court before *Greenhalge,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. Subject to leave reserved under G. L. (Ter. Ed.) c. 231, § 120, a verdict for the plaintiff in the sum of $850 was recorded. Thereafter the judge denied a motion by the defendant that a verdict be ordered entered in its favor. The defendant alleged exceptions.

The case was argued at the bar in February, 1933, before *Rugg,* C.J., *Crosby, Wait, Donahue,* & *Lummus,* JJ., and afterwards was submitted on briefs to all the Justices.

*R. J. Coffin,* for the defendant.

*V. Mottola,* for the plaintiff.

WAIT, J.   The plaintiff in leaving the defendant's hotel desired to take a motor vehicle.   The doorman in the defendant's employ, who had just closed the door of a taxicab after permitting the passengers to alight, opened it again to allow the plaintiff and her friend to enter, and stood holding the door while they entered.   Other persons desiring to take a cab following in the rank, he was looking toward this second cab and was about to call it.   The plaintiff's friend entered and seated herself.   The plaintiff had got in, faced about, and, with her hand brushing the door or the side of the cab near the hinges of the door, which were toward the rear of the vehicle, she was seating herself, when the doorman shut the cab door.   Her finger was caught in the hinge and was injured.   After a verdict for the plaintiff and refusal to enter a verdict for the defendant on leave reserved under G. L. (Ter. Ed.) c. 231, § 120, the case is before us upon the defendant's exceptions. The only questions are whether there was sufficient evidence of negligence by the doorman or of lack of due care by the plaintiff to justify submitting those issues to the jury.

A majority of the court think that there was.   It could be found that the duty of the doorman was to use reasonable care to make sure that those upon whom he was attending were so arranged within the cab that the door could be closed without injury to them, and that, in closing it while looking elsewhere, he was not performing that duty. It could also be found that while it was the duty of the plaintiff to use due care to see that her fingers were not in a place of danger when the door was closed, and although she had seen the doorman looking elsewhere and attending to some extent to another than herself as he was closing the door, she still might rely upon him to give his whole attention to her and to allow her to be fully seated in safety before completing the closing.

The case differs essentially from *Castano* v. *Leone*, 278 Mass. 429, where the defendant was justified in thinking no one was in a place of danger from his act in closing the door of his automobile.

*Exceptions overruled.*