HELEN BRODY, PLAINTIFF-RESPONDENT, v. ABRAHAM GOLDMAN, DEFENDANT-APPELLANT.

Argued May 5, 1936—Decided August 6, 1936.

Before Justices BODINE and HEHER.

For the appellant, *A. Kenneth Dougall.*

For the respondent, *Samuel S. Saiber.*

The opinion of the court was delivered by

HEHER, J.  Plaintiff sued to recover damages for injuries claimed to have been tortiously inflicted.  She prevailed. The case on appeal was settled by the District Court judge, who sat without a jury; and from this it appears that plaintiff and defendant held converse while the latter was sitting in his automobile parked along the curb of a public street, with the right door open, and the former was standing alongside the vehicle at the curb; that, in the course of the conversation, plaintiff "rested her hand upon the jamb," and, at its conclusion, defendant closed the door "upon the  *  *  * hand," resulting in the injuries complained of, in part permanent in character; that the defendant testified that, during the progress of the conversation, he observed that plaintiff "held her hand on the door-jamb at the front part of the car," and that it "was caught in the closing door."

The questions presented for decision are, first, the existence *vel non* of evidence to support the finding of negligent con-

duct by the defendant (willful or wanton injury was not alleged) ; and, second, whether plaintiff was guilty of contributory negligence as a matter of law.

It is said, in relation to the first point, that plaintiff was a trespasser or licensee merely, and there was no evidence of willful or wanton injury. While there was no specific finding as to plaintiff's status, it is clear that the judgment below proceeded upon the theory, found to be factually well grounded, that defendant was under the duty of reasonable care to plaintiff, and breached it. While the circumstances which gave rise to this meeting of the parties are not disclosed by the state of the case, it is to be presumed that the judgment is based upon a finding in favor of the plaintiff upon the cause of action pleaded in the complaint, *i. e.*, breach of a duty resting upon defendant to use reasonable care in relation to plaintiff. It is the settled rule that, in the absence of anything to the contrary, the appellate court will assume a finding of fact that will support the judgment; the judgment presupposes a finding of fact in favor of the successful party, even if such finding be not expressed in terms. *Pollack* v. *New Jersey Bell Telephone Co.*, 116 *N. J. L.* 28. And so, there being nothing to the contrary in the case thus settled, we are constrained to assume the evidence adduced below tended to show the parties were mutually interested in the subject-matter of the conversation, and that defendant therefore owed to plaintiff the duty of exercising reasonable care. Plainly, there was evidence to support the finding of a breach of this duty.

And the second ground urged for reversal is likewise devoid of substance. Defendant argues that, "had it not been that the plaintiff had her finger in the door-jamb, the closing of the door by the defendant would have caused no injury," and invokes the principle that "one who invites an injury cannot make it the basis of a recovery"—there is no right of action where but for his own negligent conduct plaintiff would have suffered no injury from defendant's negligence—citing *Menger* v. *Laur*, 55 *N. J. L.* 205; *Kimpel* v. *Moon*, 113 *Id.* 220; *Donus* v. *Public Service Railway Co.*, 102 *Id.* 644; *Schwane-*

*wede* v. *North Hudson County Railroad Co.,* 67 *Id.* 449; *Powers* v. *Standard Oil Co.,* 98 *Id.* 730; *affirmed,* 98 *Id.* 893; *Sohn* v. *Katz,* 112 *Id.* 106.

But the fallacy of this contention is obvious. It assumes that the act in question was indisputably negligent. The inquiry is not whether the injury would have occurred but for the act of the plaintiff; rather it is whether the act was that which, under all the circumstances, a person of ordinary prudence and caution would not have done, and is therefore denominated negligence, without which the mishap in question would not have befallen plaintiff. This was likewise a question of fact; plaintiff's negligence did not conclusively appear.

Judgment affirmed, with costs.