## MOORE et al. v. DAVIS et al.
### No. 2169.

Court of Appeal of Louisiana. First Circuit.

Dec. 12, 1940.

Writ of Error Refused Jan. 6, 1941.

For prior opinion, see 196 So. 566.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

E. V. Boagni, of Opelousas, for appellees.

·LE BLANC, Judge.

On the testimony of the plaintiff and that of the defendant Davis, the only two witnesses to the occurrence which gave rise to this suit, we concluded, on the original hearing, that although the plaintiff had actually entered the automobile she had not yet completely settled herself in her seat and was using the doorpost as a prop with her hand in an effort to finally adjust herself in the seat, when Davis, who was seated at the driver's seat next to her on her left, reached over in front of her and pulled the door of the car, closing it against her hand and causing her the injury complained of. We held that Davis had admitted negligence in two respects: (1) In attempting to close the door before Mrs. Moore was fully fixed and settled in her seat, and (2) in failing to take the proper precautions to see that her hand was not in the way before attempting to close it. See Moore et al. v. Davis et al., La.App., 196 So. 566. We are now asked to reverse our ruling, as it is contended that, even conceding those to be the facts in the case, it cannot be said that Davis acted unreasonably because he failed to anticipate that a grown woman, in full possession of her faculties, would place her hand on the doorjamb, and would leave it there to be mashed.

The rule, under which persons have been relieved of liability in cases of hand injuries like that in the present suit, arises out of the reason which they had, under a given state of facts, to believe that the injured party was actually in no position of danger, and not on their right to anticipate that the injured party would or would not place his hand where it might be injured by the closing of a door. In other words, if the injured party has already settled himself in the seat of the automobile and everything is ready for it to be started save the closing ·of the door, certainly the one who is to close the door would have no reason to believe that the .injured party will inadvertently or subconsciously place his hand on the doorjamb just at the moment the door is to be closed. Undoubtedly under such facts he could not be held negligent. But if the injured party is entering the car, and while still in the act of seating himself is actually using the doorpost as a means of support in order to settle himself in the seat, then the one who is to close the door is held to the duty of seeing that this act has been completed and that the injured party's hand has been removed from the doorjamb before he should attempt to close the door ·against the jamb. In the case before us, no one was in better position besides Mrs.

Moore, than the defendant Davis himself, to see what the actual situation was. Seated right next to her, he must even have felt her movements in trying to adjust herself in her seat. Her stature, on which some comment was made in the original opinion, undoubtedly made it more difficult for her than the average individual to enter an automobile, all of which he was bound to be aware of.

Counsel for defendants complain of our failure to have made reference in the original opinion to any of the numerous decisions cited in their brief. They were decisions from other jurisdictions, but we particularly read them all, as well as others, and did not make mention of any because it was our opinion that under the state of facts presented in each, not one was exactly apposite. The rule of law as we have tried to express it is more or less formulated from what the courts had to say in most of those cases, and in each, it was applied according to the facts as they were found. As well stated in the case of Wildes v. Wildes, 188 Minn. 441, 247 N.W. 508, in which a guest recovered from the host for an injury to her hand caused by the closing of an automobile door, "different reasonable minds might come to different conclusions. The facts might not appear to one as to another and different minds might draw different conclusions upon the ultimate question of negligence."

One of the cases cited by counsel for defendants and referred to by them as a leading case on the subject is Camp v. Spring, a Michigan case reported in 241 Mich. 700, 217 N.W. p. 917. In that case there was involved the liability of a common carrier for the alleged negligence of one of its servants in closing the door of an automobile on the hand of a passenger and causing injury. Rather significantly, as we view it, the court stated that while it is a well settled rule that a carrier is not liable where the servant has no reason to believe the passenger is in a position to be injured by the closing of a door, "the books contain many cases" to quote the language used, "holding common carriers liable for injuries to passengers occasioned by acts of servants who should know that the passenger was in position where the closing of a door would cause injury." We assume that having cited the case as a leading one, counsel would have us apply its effects in the present case where the liability involved is that of a private individual, and, tested by either rule as therein stated, we think that the defendant Davis cannot escape that liability. Under the facts presented, not only should he have known that Mrs. Moore was in position where the closing of the door of the automobile would cause injury to her hand, but good reason should have prompted him to believe that such injury would result from his act in doing so.

Further consideration of the case has only served to strengthen our conviction that it has been correctly decided. Our original decree is hereby reinstated and now made the final judgment of the court.