JOSEPH WINKELSTEIN AND VIOLET WINKELSTEIN, PLAINTIFFS-RESPONDENTS, v. ISIDORE SOLITARE, DEFENDANT-APPELLANT.

Argued February 3, 1943—Decided April 29, 1943.

For the plaintiffs-respondents, *Philip Monheit*.

For the defendant-appellant, *Harry Miller* and *DeBrier & Shahadi*.

PER CURIAM.

The proofs are sufficiently recited in the Supreme Court opinion. The trial court decided in favor of the defendant upon the ruling, as a matter of law, that the latter was not chargeable with the physical act from which the injury ensued. We think that there were questions which required determination factually. The stipulated facts, supplemented by the inferences that might justly be drawn therefrom, would sustain a factual finding that the defendant, not leaving the time of closing the automobile door to the convenience or judgment of another, said to one guest "Close the door;" that, when the defendant so directed, the other guest, who was injured by the act of compliance, was actually in the movement of entering through the doorway with her hand clasped about the jamb against which the door, if closed, would necessarily press; that the defendant gave the direction under such conditions as implied that he intended immediate compliance; that there was immediate compliance; and that the second guest was injured as a result thereof. On this hypothesis, the act arose out of the defendant's mind, was done at his direction and proceeded, from beginning to conclusion, in his presence and under his observation. If the facts be so determined there was occasion, as was said in the

Supreme Court, for the application of the doctrine of *respondeat superior*. We limit the holding to the facts of the case.

It has been suggested that the distinction in degrees of negligence drawn with respect to house guests in *Lewis* v. *Dear*, 120 *N. J. L.* 244; *Gregory* v. *Loder*, 116 *Id.* 451, and *Morril* v. *Morril*, 104 *Id.* 557, should be applied to automobiles, *Massaletti* v. *Fitzroy*, 228 *Mass.* 487; 118 *N. E. Rep.* 168; *Comeau* v. *Comeau* (*Mass.*), 189 *Id.* 588; but that does not seem to have support in our cases and need not be passed upon here. The case does not turn upon that question.

We agree with the Supreme Court that the trial judge erred and that the case should go back for a new trial.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, DEAR, WELLS, THOMPSON, JJ. 7.

*For affirmance on opinion below*—THE CHIEF JUSTICE, PORTER, RAFFERTY, JJ. 3.

*For reversal*—None.