PAUL PATTERSON v. PAUL MOFFITT, T/A MOFFITT MOTORS.

(Filed 5 November, 1952.)

**1. Automobiles § 19a: Negligence § 4a—**

A person who is asked to ride in an automobile as a prospective purchaser is an invitee, and the driver owes him the correlative duties, including the duty to exercise ordinary care to avoid committing any act of negligence or imprudence which might add to or increase the danger.

**2. Negligence § 9—**

Proximate cause is an essential element of actionable negligence and foreseeability is an essential element of proximate cause.

**3. Automobiles § 19a: Negligence § 19b (1)—Evidence held to show that accident could not have been reasonably foreseen, and nonsuit was proper.**

Plaintiff's evidence tended to show that he was an invitee in defendant's car, that after a trip, defendant, who was driving, first alighted, and that plaintiff, who was sitting on the back seat, in attempting to alight, put his hand on the center post in such manner that when defendant closed the front door, the plaintiff's fingers were caught between the center post and the door, causing painful and serious injury. *Held:* Defendant was not under duty to anticipate or foresee before closing the door that plaintiff's hand was on the door jamb in such manner that his fingers would be caught and crushed by the closing door, and nonsuit was properly entered.

APPEAL by plaintiff from *Clement, J.,* March Term, 1952, RANDOLPH. Affirmed.

Civil action to recover compensation for personal injury.

Both plaintiff and defendant are dealers in used automobiles. On 19 December 1950, about 7:00 or 8:00 p.m., defendant, in an effort to sell plaintiff a second-hand Dodge automobile, invited him to become a passenger to observe how the vehicle operated and performed. "He said if I would drive it that I would buy it." They left the filling station where the automobile was parked, with defendant and one Grady Moffitt on the front seat. Defendant was driving, and plaintiff was sitting on the left side of the rear seat. After driving the automobile about one mile, defendant returned to the filling station where the parties got off about the same time.

The front doors to the vehicle open from the front and are hinged to a door post about the middle of the automobile at or near the back to the front seat. The rear doors open in the same way. As plaintiff, a somewhat stout, heavy person, started to alight, he caught hold of this door post "to pull up." Defendant, having alighted first, closed or "slammed" the front door on the left side. Plaintiff's middle finger on his left hand was caught in the door and the bone was crushed. One or two of the other fingers on his left hand were "pinched," causing blood blisters, but the skin was not broken.

On direct examination plaintiff testified: "I put my hand up to pull up while Paul Moffitt had the door open, and the door opening from the front, I got my finger in the car on the back and before I would (could) get out Mr. Moffitt slammed the door on my finger, was caught in the car. When he slammed or closed the door he did not look to see what he was doing. He did not first know that my finger was caught until he heard from me." Then, on cross-examination: "The purpose of that post is to keep the doors fastened. It was that post that I grabbed hold of in getting out. I am a little heavy, and I took hold of it with my left hand, and all of me begin getting out of the automobile. It is a little harder to get out of the back seat. All of us started to get out at approximately the same time. I didn't tell Mr. Moffitt that I was going to use that door jamb to assist myself to get out. Mr. Moffitt didn't see me. Mr. Moffitt just got out and closed the door. The door caught one of my fingers . . ."

It was dark at the time, but the filling station at which the automobile stopped was sufficiently lighted for people to see.

At the conclusion of the evidence for the plaintiff the court, on motion of defendant, entered judgment as in case of nonsuit. Plaintiff excepted and appealed.

*Ottway Burton for plaintiff appellant.*
*Jordan & Wright for defendant appellee.*

BARNHILL, J. The plaintiff was an invitee, and defendant owed him all the duties imposed on a host or inviter under the same or similar circumstances. These include the duty to exercise ordinary care to avoid committing any act of negligence or imprudence which might add to or increase the danger to his invitee. 4 Blashfield 368, sec. 2321.

Plaintiff's only allegation of negligence is that the defendant "negligently . . . and without regard for the safety of . . . the plaintiff, slammed the door on the plaintiff's finger, without first ascertaining that such an act could be done safely."

This poses for decision this simple question: Under the circumstances disclosed by the evidence was it the duty of defendant to ascertain whether

plaintiff's hand was on the door jamb before closing the front door to his automobile on which plaintiff was riding as an invitee passenger?

The record before us fails to disclose with any degree of satisfaction just how the mishap which caused the injury to plaintiff's fingers occurred. The front doors of the automobile were hinged to the center door posts and opened from the front. Plaintiff alleges that he "was attempting to get out of the car and was pulling himself up from the seat by his left hand with the left hand being on the door jamb of the rear seat of the automobile." He testified: "I was in the back seat on the left side, and I opened my door and attempted to get out, and Paul got out first . . . then I put my hand up to pull up while Paul Moffitt had the (front) door open . . ."

It would seem from his explanation of the mishap the plaintiff, a stout, heavy man, was attempting at the time to pull himself up to a standing or stooping position before alighting, or else he was attempting to slide out of the vehicle sidewise. And it is evident that his fingers were partly in the opening between the post and the door which was formed when the front door swung on its hinges as it was opened. Did plaintiff grasp the post on the outside or the inside? Were his fingers in the outer or inner portion of the opening? The record fails to answer.

Proximate cause is an essential element of actionable negligence and foreseeability is an essential element of proximate cause. *Shaw v. Barnard*, 229 N.C. 713, 51 S.E. 2d 295; *Deaver v. Deaver, ante,* p. 186, and cases cited.

The plaintiff is an adult. He is engaged in the purchase and sale of used automobiles and is familiar with motor vehicles. If the accident happened as he testified, he was at the time facing towards the front of the vehicle. It is doubtful whether defendant, in the position the parties were then placed, with the open door intervening, could have seen the left hand of the plaintiff on the door jamb even if he had looked before closing the front door. Be that as it may, we are unable to perceive that it was his duty, under the circumstances here disclosed, to anticipate or foresee that plaintiff had his hand on the door jamb in such manner that his fingers would be caught and crushed by the closing door. Such a high degree of foresight or prevision is not exacted by the law of negligence. In short, the record discloses nothing more than one of those distressing accidents which occur daily and for which no person may be held liable in damages. *Deaver v. Deaver, supra.*

There is no decision in this jurisdiction substantially on all fours. *Skinner v. R. R.*, 128 N.C. 435, and *Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917, are most nearly in point. We have carefully examined the decisions from other jurisdictions cited and relied on by plaintiff. (*Moore v. Davis*, 199 So. 205; *Wildes v. Wildes*, 247 N.W. 508; *Mun-*

*dinger v. Sewell,* 40 S.W. 2d 530; *May v. Abelman,* 179 S.E. 221.) In our opinion all are factually distinguishable. See also *Iaquinto v. Notarfrancesco,* 195 A. 169, and *Jude v. Jude,* 271 N.W. 475, which are likewise distinguishable.

The judgment entered in the court below is

Affirmed.