MIGUEL RIVERA MATOS ET AL., Plaintiffs and Appellees, *v.* FERNANDO AMADOR ET AL., Defendants and Appellants.

No. 566. Decided December 26, 1962.

*F. Fernández Cuyar* for appellants. *Luis A. Noriega* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Luis Iván Rivera, a youngster who at the time of the accident which gives rise to the claim filed in this suit was fourteen years of age and in the seventh grade in school, suffered a comminuted fracture of the fourth finger of his left hand when said hand was trapped and caught when a

truck driver closed the right door of his vehicle. The trial court decided that the sudden closing of the door was the proximate cause of the damage, since without the act which set the door in motion, done through the carelessness and indifference of the driver, the instrument causing the damage would not have been put in action. Although it referred to the possibility of a negligent action on the part of the injured party, consisting in reclining against the vehicle and placing his hand in the frame where the door would close, it *completely* discarded it [1] for the purposes of fixing liability, because the latter, by itself, would not have caused the damage. Consequently, it sustained the complaint, estimated the damages at $3,500, and granted compensation to plaintiff for this sum.

As the trial judge points out there is no controversy whatsoever as to the manner in which the accident occurred; the only testimony on that score was that of the injured party himself. The driver of a hauling truck stopped in front of a commercial establishment property of the father of the injured party Luis Iván, and from within the truck's cabin he requested to be served a soft drink. The owner sent the soft drink bottle with his son, and when the latter approached the truck, the driver opened the door to meet him. This door which opened towards the front remained opened while the driver drank the soft drink. Meanwhile, Luis Iván placed his left hand in the back part of the doorjamb. When he finished the soft drink, the driver bent and stretched his body from the driver's seat, grabbed the door and suddenly closed it, trapping and catching plaintiff's hand with the aforesaid result. Although no specific reference is made to this in the findings of fact, it appears from the testimony that the in-

---

[1] At the time of the accident the amendment introduced by Act No. 28 of June 9, 1956 (Sess. Laws, p. 86) to § 1802 of the Civil Code, 1930 ed., 31 L.P.R.A. § 5141, was in effect. It provides that: "Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

jured party was behind the driver, and that due to this fact, apparently the driver did not see him or notice his presence.[2]

■■■ As in so many other areas of the *ex delicto* actions in cases of this kind—fingers trapped when vehicle doors are closed—no rule of thumb can be established to determine civil liability. Rather it is a matter of degrees of negligence. Hence, we should resort once more to the image of the prudent and reasonable man as the test to evaluate the conduct observed by defendant, considering besides other factors, the absence or presence of which may change the final result. Thus, the degree of care required is greater when it concerns a public carrier, *North* v. *Williams*, 366 P.2d 406 (Okla. 1961); *cf. Muñoz* v. *The N. Y. & P. R. S/S Co.*, 72 P.R.R. 543 (1951), or if the injured person is such a young minor that he can not realize the danger entailed in placing his fingers in a doorjamb, *Laseter* v. *Clark*, 189 S.E. 265 (Ga. 1936); *Mundinger* v. *Sewell*, 40 S.W.2d 530 (Mo. 1931); *cf. Castro* v. *González*, 58 P.R.R. 369, 383 (1941).

■■■ It may be stated in these cases that the total or concurrent liability depends on defendant's failure to take the proper measures or precautions to avoid causing damages in view of a danger which is known or which should have been reasonably foreseen or anticipated. That is why, as a general rule, the driver is required to allow the passage of a reasonable period of time for the passengers or invitees to enter, *Winkelstein* v. *Solitare*, 31 A.2d 843 (N.J. 1943); *Moore* v. *Davis*, 199 So. 205 (La. 1940) *Iaquinto* v. *Notarfrancesco*, 195 Atl. 169 (Pa. 1937); *Alban* v. *Sommer*, 146 Atl. 428

---

[2] "Did he shut the door before giving you the bottle?
  "Yes, sir.
"Then, he thought you had left?
  "Yes, sir.
"While he was having the soft drink, were you behind him?
  "Yes, sir.
"Could he see you?
  "I don't think so.
"He could not see you?
  "No." (Cruz Jiménez, stenographer, Tr. Ev. 7–8.)

(N.J. 1929) ; *Wildes* v. *Wildes,* 247 N.W. 508 (Minn. 1933) ; or to alight from a vehicle, *North* v. *Williams,* 366 P.2d 406 (Okla. 1961) ; *Clark* v. *Shefferly,* 78 N.W.2d 155 (Mich. 1956).[3]

Although this appeal does not concern the typical situation of entering or alighting from a vehicle, the liability of the truck driver can only be established by the evidence that he had knowledge that plaintiff had situated himself in a dangerous position or that, under the attendant circumstances, he could have foreseen such a situation. See *North* v. *Williams,* 366 P.2d 406 (Okla. 1961) ; *Medeiros* v. *Perry,* 124 N.E.2d 505 (Mass. 1955) ; *Patterson* v. *Moffit,* 72 S.E.2d 863 (N.C. 1952) ; *May* v. *Abelman,* 179 S.E. 221 (Ga. 1935) ; *Wildes* v. *Wildes,* 247 N.W. 508 (Minn. 1933) ; *Camp* v. *Spring,* 217 N.W. 917 (Mich. 1928) ; Annotation, *Liability for injury to hand in vehicle door,* 34 A.L.R.2d 1172 (1954). The evidence does not show such knowledge; all that it reveals is that the driver was prevented—by the way in which the door opened and the place where the injured party situated himself, *cf. Medeiros* v. *Perry, supra*—from realizing the dangerous situation. On the other hand, we can not conclude that the driver had to foresee the negligent conduct of the injured youth.[4] In our judgment, his conduct was the spontaneous action which any reasonable person would effect in similar circumstances; it was, to a certain extent instinctive. The foreseeability test as a rule of liability refers to the probable consequences of the acts, but not to all the possibilities that the human mind can conceive. Only last month, while dis-

---

[3] See, also, *Sheridan* v. *Hotels Statler Co., Inc.,* 185 N.E. 33 (Mass. 1933); *Castano* v. *Leone* 180 N.E. 312 (Mass. 1932); *Zink* v. *Bopp,* 31 S.W.2d 563 (Mo. 1930); *Yawitz* v. *Novak,* 286 S.W. 66 (Mo. 1926); *Brody* v. *Goldman,* 186 Atl. 571 (N.J. 1936); *Nemoitin* v. *Berger,* 149 Atl. 233 (Conn. 1930); *Cronin* v. *MacAffer,* 45 N.Y.S.2d 732 (1944); *Allegeier* v. *Nerrie,* 291 N.Y.S. 195 (1936).

[4] In *Camp* v. *Spring,* 217 N.W. 917 (Mich. 1928), it is stated that the peril to fingers in a door jamb is not only obvious, but one of the first lessons taught by experience in childhood.

cussing the scope of the concept of proximate cause, we stated in *Ginés* v. *Aqueduct and Sewer Authority, ante,* p. 490, that "a defendant will ordinarily be relieved of liability by an unforeseeable and abnormal intervening cause which produces a result which could not have been foreseen." The evidence shows, in fact, that defendant could not reasonably anticipate that this normal conduct of closing a door of a motor vehicle would injure plaintiff, unless it is held that this is an inherently dangerous situation and that it always involves risks for third persons. On the other hand, and even in the position most favorable to plaintiff, in view of the circumstances of the present case, any negligence which could be assigned defendant would be insignificant when compared to the former's negligent action. *Zibilich* v. *National Food Stores of La.,* 120 So.2d 291 (La. 1960) ; *Sizeler* v. *Southwestern Fire & Casualty Company,* 105 So.2d 746 (La. 1958) ; *Albrecht* v. *Gaethe,* 97 So.2d 88 (La. 1957) ; 1A FRIEDMAN, Personal Injury 286, § 3.10 (1961).

The judgment rendered by the Superior Court, Ponce Part, on July 5, 1961, will be reversed and the complaint dismissed with the imposition of costs.