MIGUEL RIVERA MATOS, ETC., demandante y recurrido, *v.* FERNANDO AMADOR ET AL., demandados y recurrentes.

*Número:* 566     *Resuelto:* 26 de diciembre de 1962

*F. Fernández Cuyar,* abogado de los recurrentes; *Luis A. Noriega,* abogado del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Luis Iván Rivera, un mozalbete que para la fecha del accidente que da margen a la reclamación incoada en este

pleito contaba catorce años de edad y cursaba el séptimo grado de estudios, sufrió una fractura conminuta del cuarto dígito de su mano izquierda, al serle atrapada y pillada dicha mano cuando el conductor de un camión asió y cerró la puerta derecha de su vehículo. El tribunal de instancia concluyó que el cierre súbito de la puerta fue la causa próxima del daño, ya que sin el acto que puso la puerta en movimiento, realizado por descuido e indiferencia del conductor, no se hubiera puesto en acción el instrumento productor del daño. A pesar de que hizo referencia a la posibilidad de una actuación negligente de parte del lesionado, consistente en recostarse del vehículo y colocar su mano en el marco de la puerta donde ésta debía cerrar, la descartó *completamente*(¹) a los fines de la fijación de responsabilidad, porque ésta, por sí sola, no hubiera causado el daño. En consecuencia, declaró con lugar la demanda, estimó los daños en $3,500 y concedió compensación al demandante por esta suma.

Como apunta el juez a quo no existe controversia alguna sobre la forma en que ocurrió el accidente; el único testimonio sobre el particular fue el del propio perjudicado. El conductor de un camión de arrastre se detuvo frente a un establecimiento de comercio, propiedad del padre del lesionado Luis Iván, y desde dentro de la cabina solicitó se le expendiera un refresco. El dueño le envió la botella de refresco con su hijo, y al éste acercarse al camión, el conductor abrió la puerta para recibirlo. Esta puerta que abría desde atrás hacia el frente, permaneció abierta mientras el chófer consumía el refresco. Mientras tanto, Luis Iván colocó su mano izquierda en el marco de la puerta, en la parte de atrás del marco. Cuando terminó de tomar el refresco, el conductor inclinó y estiró su cuerpo desde el asiento del conductor,

---

(¹) Para la fecha en que acontecieron los hechos se encontraba vigente la enmienda introducida mediante la Ley Núm. 28 de 9 de junio de 1956 (Leyes, pág. 87) al artículo 1802 del Código Civil, ed. 1930, 31 L.P.R.A. sec. 5141, que dispone que "La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."

asió la puerta y la cerró de un golpe, atrapando y pillando la mano del demandante con los resultados indicados. A pesar de que en las determinaciones no se hace referencia específica a ello, surge de la declaración que el perjudicado estaba situado detrás del conductor, y que debido a este hecho, aparentemente el conductor no lo vio ni advirtió su presencia. (²) ▆

Como en tantos otros campos de las acciones *ex delicto*, en esta variedad de casos—dedos atrapados al cerrarse las puertas de vehículos—no pueden establecerse reglas inalterables para determinar la responsabilidad civil. Se trata más bien de grados de negligencia. De ahí que debamos recurrir una vez más a la figura del hombre prudente y razonable como criterio para evaluar la conducta observada por la parte demandada, considerando también otros múltiples factores cuya presencia o ausencia pueden hacer variar el resultado final. Así, el grado de cuidado exigido es mayor cuando se trata de un porteador público, *North* v. *Williams*, 366 P.2d 406 (Okla, 1961); cfr. *Muñoz* v. *The New York & Porto Rico S/S Co.*, 72 D.P.R. 582 (1951); o si la persona lesionada es un menor de tan corta edad que es incapaz de darse cuenta del peligro que representa colocar los dedos en el marco de una puerta, *Laseter* v. *Clark*, 189 S.E. 265 (Ga. 1936); *Mundinger* v. *Sewell*, 40 S.W.2d 530 (Mo. 1931); cfr. *Castro* v. *González*, 58 D.P.R. 368, 382 (1941). ▆

Puede afirmarse en estos casos que la responsabilidad total o concurrente depende de la omisión de la parte deman-

---

(²) "¿Tiró la puerta antes de darte la botella?
Sí, señor.
Entonces, ¿él creyó que tú te habías ido?
Sí, señor.
Cuando se tomaba el refresco, ¿tú estabas detrás de él?
Sí, señor.
¿El te podía ver?
Creo que no.
¿El no podía verte?
No. (T.E., taquígrafo Cruz Jiménez, págs. 7-8.)

dada de tomar las medidas o precauciones oportunas para impedir causar daños en vista de un peligro conocido o que razonablemente ha debido preverse o anticiparse. Es por eso que, como regla general, se exige que el conductor permita el transcurso de un tiempo razonable a los pasajeros o invitados para abordar, *Winkelstein* v. *Solitare*, 31 A.2d 843 (N.J. 1943) ; *Moore* v. *Davis*, 199 So. 205 (La. 1940) ; *Iaquinto* v. *Notarfrancesco*, 195 A. 169 (Pa. 1937) ; *Alban* v. *Sommer*, 146 A. 428 (N.J. 1929) ; *Wildes* v. *Wildes*, 247 N.W. 508 (Minn. 1933) ; o descender de un vehículo, *North* v. *Williams*, 366 P.2d 406 (Okla. 1961) ; *Clark* v. *Shefferly*, 78 N.W.2d 155 (Mich. 1956). ([3]) ▬

Aunque no se trata en este recurso de la situación típica de abordar o descender de un vehículo, la responsabilidad del conductor del camión solamente puede establecerse mediante la prueba de que tenía conocimiento de que el demandante se había situado en una situación de peligro o que, bajo las circunstancias que concurren, ha podido prever tal situación. Véanse, *North* v. *Williams*, 366 P.2d 406 (Okla. 1961) ; *Medeiros* v. *Perry*, 124 N.E.2d 505 (Mass. 1955) ; *Patterson* v. *Moffit*, 72 S.E.2d 863 (N.C. 1952) ; *May* v. *Abelman*, 179 S.E. 221 (Ga. 1935) ; *Wildes* v. *Wildes*, 247 N.W. 508 (Minn. 1933) ; *Camp* v. *Spring*, 217 N.W. 917 (Mich. 1928) ; Anotación, *Liability for injury to hand in vehicle door*, 34 A.L.R.2d 1172 (1954). La prueba no demuestra el conocimiento real apuntado; todo cuanto revela es que el conductor estaba impedido—por la forma en que abría la puerta y el lugar en que se colocó el perjudicado, cfr. *Medeiros* v. *Perry*, supra, —de apreciar la situación peligrosa. Por otro lado, no podemos convenir que el conductor tuviera

---

([3]) Véanse además, *Sheridan* v. *Hotels Statler Co., Inc.*, 185 N.E. 33 (Mass. 1933) ; *Castano* v. *Leone*, 180 N.E. 312 (Mass. 1932) ; *Zink* v. *Bopp*, 31 S.W.2d 563 (Mo. 1930) ; *Yawitz* v. *Novak*, 286 S.W. 66 (Mo. 1926) ; *Brody* v. *Goldman*, 186 A. 571 (N.J. 1936) ; *Nemoitin* v. *Berger*, 149 A. 233 (Conn. 1930) ; *Cronin* v. *MacAffer*, 45 N.Y.S.2d 732 (1944) ; *Allegeier* v. *Nerrie*, 291 N.Y.S. 195 (1936).

que prever la conducta imprudente del joven lesionado.([4]) A nuestro juicio, su conducta fue la actuación espontánea que cualquier persona razonable realizaría en circunstancias similares; fue, hasta cierto punto, hija del instinto. El criterio de previsibilidad como norma de responsabilidad se refiere a las consecuencias probables de los actos, pero no a todas las posibilidades que la mente humana puede concebir. Hace apenas un mes, discutiendo el alcance del concepto de causa próxima, dijimos en *Ginés Meléndez* v. *Autoridad de Acueductos*, 86 D.P.R. 518 (1962), que "un demandado será relevado de responsabilidad por una causa interventora imprevisible y anormal que produce un resultado que no pudo ser previsto." Precisamente, los hechos probados demuestran que el demandado no podía razonablemente anticipar que el resultado de su conducta normal de cerrar la puerta de un vehículo de motor fuera el de lesionar al demandante, a menos que se pretenda sostener que ésta es inherentemente una actuación peligrosa y que siempre envuelve riesgos para terceras personas. Por otro lado, y aun en la posición más favorable para el demandante, bajo las circunstancias envueltas en el presente caso, cualquier negligencia que pudiera imputársele al demandado resulta infinitesimal comparada con la actuación imprudente de aquél. *Zibilich* v. *National Food Stores of La.*, 120 So.2d 291 (La. 1960); *Sizeler* v. *Southwestern Fire & Casualty Company*, 105 So.2d 746 (La. 1958); *Albrecht* v. *Gaethe*, 97 So.2d 88 (La. 1957); Friedman, *Personal Injury* (1961), vol. 1A, § 3.10, pág. 286.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 5 de julio de 1961, y se desestimará la demanda, con imposición de costas.*

---

([4]) En *Camp* v. *Spring*, 217 N.W. 917 (Mich. 1928), se dice que el riesgo de colocar los dedos en el marco de una puerta no sólo es obvio, sino que es una de las primeras lecciones que durante la infancia nos enseña la experiencia.